.No. 37.—Samuel. B. Pearce & Co., plaintiffs in error, *vs.* Allen B. Chastain and William Chastain, defendants in error.

[1.] There must be *fraud, surprise,* or some *extraordinary* and *uncontrollable* circumstance, where manifest injustice has been done, to authorize a court of equity to grant relief against a judgment at law.

[2.] Courts of equity will be extremely cautious in the exercise of their acknowledged jurisdiction, to grant relief against judgments at law.

[3.] Where the subject matter of defence was not, and could not by due diligence, be known to the defendant upon the trial, it will furnish ground for the interposition of a court of equity.

[4.] Costs do not always in chancery follow the event of the cause. They rest in the sound discretion of the Court.

Pearce *vs.* Chastain.

In Equity.   Bill and demurrer.   In Lee Superior Court.   May Term, 1847.   Before Judge WARREN.

For the facts stated and questions made below, see the opinion delivered by the Supreme Court.

R. F. LYON, for the plaintiffs in error.

1. Bills for a new trial must set up some new fact which proves it to be against conscience to execute the judgment, and of which the complainant could not avail himself in a court of law.   2 *Story Eq. secs.* 887, 888; *Jarvis* vs. *Chandler*, 1 *Tur. & Rus.* 319 ; *Marine Ins. Co* vs. *Hodgson*, 7 *Cranch* 337 ; *Mitford* 130.

2. Equity will not relieve the defendant after a verdict, when he might have defended himself at law by ordinary diligence.   *Dan. Ch. Pr.* 1841 ; 4 *Hen. & Munf. R.* 553 ; *Dodge* vs. *Strong*, 2 *Johns. Ch. R.* 553 ; *Woodworth* vs. *Van Buskerk*, 1 *id.* 432 ; *Gainsborough* vs. *Gifford*, 2 *P. Wills. R.* 424 ; *Bateman* vs. *Willoe*, 1 *Sch. & Lefr. R.* 201; *Albritton* vs. *Bird*, *R. M. Charl. R.* 93.

3. If the defendant in an action at law submits to go to trial without filing a bill in equity for a discovery of evidence, and after a verdict against him attempts to obtain the discovery as a ground for a new trial, courts of equity will not countenance such proceeding, when there is no fraud in the conduct of the plaintiff at law. *Mitf.* 132; *Richards* vs. *Symmes*, 2 *Atk. R.* 319; *Dan. Ch. Pr.* 1841 ; *Williams* vs. *Lee*, 3 *Atk. R.* 233 ; *Field* vs. *Beaumont*, 1 *Swanst. R.* 205 ; *Sewell* vs. *Freeston*, 1 *Chan. C.* 65; *Taylor* vs. *Sheppard*, 1 *Young & Coll. Exch. R.* 271; 1 *Johns. Ch. R.* 49; 2 *Cox R.* 12 ; 3 *Johns. Ch. R.* 355.

4. When one of two joint obligors or contractors have been sued and a judgment has been obtained, the record is a bar in favour of the one not sued ; so also would the first suit be a bar to any subsequent one.   *Ward* vs. *Johnson*, 13 *Mass. R.* 148 ; *Wilson* vs. *Hurst*, 4 *Barn. & Adol. R.* 156 ; *Beltzhoover* vs. *Commonwealth*, 1 *Watts. R.* 126 ; *Williams* vs. *McFall*, 2 *Sergt. & Rawl.* 280 ; *Downey* vs. *The M. & F. Bank*, 13 *id.* 288 ; *Bedell's adm'r.* vs. *Keethly*, 5 *Mun. R.;* 5 *Mass. R.* 193 ; 8 *id.* 424 *note.*

*Dennett* vs. *Chick*, 3 *Watts R.* 202 ; 1 *Greenl.* 191 ; 18 *Johns. R.* 456 ; 1 *Pick. R.* 118 ; *Hotchk.* 543.

5. If equity affords relief to a defendant, it will be on account of

the injury about to be done the complainant, and not merely to set up a merely technical defence.

6. Every material allegation in a bill must be positively alleged, sufficiently to enable the defendant to ascertain the precise grounds on which it is filed. *Dan. Ch. Pr.* 424; 2 *Bro. Ch. C.* 310; 3 *id.* 226.

7. No general relief prayed, and the particular relief sought being repugnant, the bill must fail. *Mitf.* 38; *Dan. Ch. Pr.* 435; *Story Eq. Pl.* 40.

8. The bill contains no equity.

Eli Warren, for the defendants in error.

*By the Court.*—Lumpkin, J., delivering the opinion.

On the 8th of August, 1836, Allen B. Chastain, Ira E. Durpree, and Hartwell H. Tarver, a mercantile firm doing business in the town of Hawkinsville, Pulaski County, in this State, under the style of Chastain & Durpree, made and delivered to Samuel B. Pearce & Co., of Boston, their promissory note for $161 03, due six months after date. Suit was brought upon this note, it being unpaid, against all the partners, in favour of the payees, to the January Term, 1841, of the Superior Court of Twiggs County. The sheriff returned "*not to be found*" as to Chastain, and judgment was confessed by the other two defendants for the whole amount of principal and interest due on said note, together with the costs of suit. Cotemporaneously with this proceeding, an action was instituted on the same claim, against all the partners, in Lee County, where Chastain resided, and where the sheriff returned, "*not to be found*" as to Durpree and Tarver. Final judgment was rendered against Chastain on the 17th day of July, 1846, for the debt, who now files his bill, alleging that the judgment in Twiggs has long since been paid off in full by Durpree and Tarver, or one of them, or some person for them, or for one of them. That he had reason to believe this, and verily did believe it at the time judgment was rendered against him, but that he had no means of ascertaining or establishing it. That he made diligent search for the *fi. fa.* in the clerk's office of Twiggs County, to which it should have been returned satisfied, but that he was unable to find it. He further charges, that what was then mere matter of suspicion, he has since ascertained to be unquestionably true; and that

he will be abundantly able to prove it, by appealing to the conscience of the party.

To this bill a demurrer was filed for want of equity, and being overruled by the Court, the defendants below excepted.

Is there sufficient matter stated in the bill to require an answer?

The general rule is, that courts of chancery will not inter- [1.] fere after verdict and judgment at law, except in cases of fraud, or surprise, or in extraordinary cases where manifest injustice would be done; nor where the party might have defended himself fully at law and neglected it. Great abuse would be made of a contrary doctrine, by drawing within the jurisdiction of equity, as by a side wind, almost all causes decided at law. The high powers intrusted to chancery to promote the purposes of justice, should not be abused to the vexation of the citizens and the unsettling solemn decisions of other courts, where it is to be always presumed that full justice has been done. *New Reports by Schoales & Lefroy, vol.* 1, 201; 3 *Atk.* 223, 224.

No doubt has been entertained, since the contest in 1616 [2.] between the two jurisdictions, that chancery has the power to grant relief against a judgment at law. 3 *Black. Com.* 54; 1 *Woodeson* 186. I repeat, however, that it will be exercised with extreme caution.

In the case of the Countess of Gainsborough *vs.* Gifford, 2 [3.] *P. Wills.* 424, the Court granted relief against a judgment where the defendant afterwards discovered a receipt under the plaintiff's own hand for the money in question, of the existence of which the defendant was not apprised at the time, although the paper was in his own custody. Wherever injustice has been done by the verdict at law, by surprise, or accident, or ignorance, as in the case in *P. Wills. R.*, chancery will interfere. 2 *Atk. R.* 190, 319; 1 *id.* 268; 3 *P. Wills. R.* 395; 2 *Vesey Jr. R.* 135; 10 *Vesey R.* 422; 6 *Brown P. C. R.* 470; 2 *Hen. & Mun. R.* 179.

Where the plaintiff knew the fact to be different from what the jury found it, and the defendant was ignorant of it at the time of the trial, chancery will relieve against such a verdict. *Gatlin* vs. *Kirkpatrick,* 1 *Car. Law R.* 534.

Payments and sets-off at law are subjects of equity jurisdiction, and relief will be given in chancery against a judgment where the defence was not made at law. *Hughes* vs. *McCowen,* 3 *Bibb.* 254; *Appleton* vs. *Harwell, Cooke* 242.

Without intending to adopt, except with a modification, the

Pearce *vs.* Chastain.

principles to their full extent laid down in those cases, and much less to disturb the well considered doctrines ruled by this Court in *Bostwick* vs. *Perkins et al.*, 1 *Kelly* 136, we are inclined to return this bill.    The case as made is a weak one.    And yet, if it be true that this money has been paid to the original creditors, either by the two defendants in Twiggs, or some one for them, and that the execution is still kept open in Lee and pressed against Chastain's property, and that he used what diligence he could to procure proof of the fact in order to defend himself at law, and was unable to do so—indeed, although he suspected it to be true, he could not at that time ascertain the fact so as to put in his defence at law—I repeat, that if all this be true, and the complainant in the bill alleges that it is, justice has certainly not been done.    Here is an important matter—not within the knowledge or power of Chastain, which was well known to Samuel B. Pearce & Co., the plaintiffs at law—which has been discovered since the trial, but not within time to make it the ground of a *motion for a new trial*, and which would unquestionably have defeated the recovery if it had been known in time.    If the defendants in their answer admit these statements to be true—and by their demurrer they do admit them—in conscience and equity they ought not to avail themselves of the judgment which they have obtained.

While on the one hand, therefore, we are not willing to suffer the partnership of Chastain & Durpree to be adjusted in this summary way, by allowing the two partners in Twiggs, or one who has discharged the debt for them, to realize the whole amount of it out of Chastain, yet, acting upon the legal presumption that all three are equally liable for the outstanding debts of the concern, and as he who asks equity must do it, we see no reason why Chastain should not be forced to pay his third of this debt, whether by way of reimbursement to the other members of the firm, or to the person who has interposed in this affair at their instance and for their benefit.    And to this extent the injunction should be dissolved.

[4.]    Moreover, as this Court is clothed with authority to award in every case such order and direction in the premises as may be consistent with the justice of the case, we deem it but right that the complainant should be taxed with the costs:    Costs in chancery do not always follow the event of the suit, but are awarded according to the justice of the cause.    They rest in the sound discretion of the Court, to be exercised upon full view of all the merits and cir-

cumstances of the case.   1 *Johns. Ch. R.* 77, 166 ; 2 *id.* 274, 317 ; 3 *id.* 65 ; 12 *Johns. R.* 500 ; 3 *Marsh. R.* 488 ; 3 *Lit. R.* 355.

In this case it is not without some reluctance and misgiving that we have retained the bill and held up the injunction, even as to *two thirds* of the debt.

Judgment affirmed.