O'BRYAN BROTHERS *et al. v.* NEEL, receiver, *et al.*

Where money was borrowed by the individuals of a firm in their individual names, though for use in the firm business, their liability on their note given therefor was not affected by what they did with it. They were joint contractors; and one of them, having paid off the execution founded on the note, was entitled to control the same against his co-obligors for reimbursement, and a transferee from him would have the like right.

December 13, 1889.

Money rule. Judgments. Executions. Contribution. Before Judge MILNER. Bartow superior court. January term, 1889.

Reported in the decision.

JOHN W. AKIN, for plaintiffs in error

J. M. NEEL, *contra.*

BLANDFORD, Justice.

There was certain money in the sheriff's hands raised from the sale of the property of Thomas Tumlin. This fund was claimed by execution issued upon judgment in favor of the Planters' and Miners' Bank against Tumlin, which was the oldest. The next oldest was an execution issued upon a judgment in favor of Akerman against R. S. Phillips, J. J. Calhoun and Thomas Tumlin, dated July 13th, 1878, said execution issuing April 5th, 1879. The judgment was rendered upon a note signed by Phillips, Calhoun and Tumlin individually.

They composed a partnership. The note was given for money borrowed through the influence of Calhoun, one of the partners, and was used in the partnership business, Akerman having refused to lend the money to the firm. Calhoun paid this execution of Akerman, and took an assignment of the same with judgment to himself. He afterwards transferred the same to O'Bryan Bros. There were two other executions issued upon judgments of the same date, February 25th, 1880. One was in favor of John Neal against Thomas Tumlin as principal, and the administrator of Lewis Tumlin as security. The other was in favor of O'Bryan Bros. against R. S. Phillips, Thomas Tumlin and J. J. Calhoun. The court awarded the money first to the Planters' and Miners' Bank, and to this there is no exception. He postponed the execution issued upon the judgment in favor of Akerman against Phillips, Calhoun and Tumlin, which had been assigned to O'Bryan Bros., to that of the execution in favor of O'Bryan Bros. and John Neal against Thomas Tumlin, which were junior to that in favor of Akerman against Phillips, Calhoun and Tumlin, which had been assigned as above stated ; and this judgment is excepted to, and error is assigned thereon, and the plaintiffs in error contend that the court erred in not awarding the money, after the payment of the execution in favor of the Planters' and Miners' Bank, to the Akerman execution.

Under the code, §3599, it is provided that when judgments have been obtained against several persons, and one or more of them has paid more than his just proportion of the same, he or they may, by having such payment entered upon the *fi. fa.* issued to enforce the judgment, have full power to use and control the *fi. fa.*, as securities in *fi. fa.* control the same against principal or cosecurities, and shall not be compelled, as heretofore, to sue the codebtors for the excess of payment

on such judgment. We think that this case falls within the letter of this statute, and indeed, within its spirit and meaning. While it is true that the money was borrowed from Akerman to be used in the firm business of Phillips, Calhoun & Tumlin, yet the same was borrowed by the individuals of this firm in their individual names, and it would make no difference what they did with the money after they received it, so far as their liability upon the note given to secure the same. They were joint contractors in this transaction, and when one of the contracting parties paid off the judgment and execution founded upon such note, he would have a right, under this statute, to control the same against his co-obligors for reimbursement, and he might transfer the same to another person, who would have the like rights. So we think the court erred in postponing this Akerman judgment and *fi. fa.* to that of Neal and O'Bryan Bros., as is complained of. We were inclined at first to hold otherwise, but upon subsequent reflection and more mature consideration, we are satisfied with the opinion which we have thus expressed; and this opinion is in accordance with the views of this court in the case of *Samuel B. Pearce & Co.* v. *Allen B. Chastain and Wm. Chastain,* 3 *Ga.* 226. In that case it appears that Chastain, Durpree and Tarver were a mercantile firm doing business in the county of Pulaski. They became indebted to Pearce & Co. upon a promissory note; suit was instituted against them in Twiggs county; Tarver and Durpree were served, but there was a return of "not to be found" as to Chastain. The judgment went for the plaintiffs against the parties served, upon the note. Cotemporaneously with this proceeding, an action was instituted in the county of Lee against the same firm, and an entry of service upon Chastain was made by the sheriff of that county, and a judgment was rendered against him for the amount of this claim due

Pearce & Co. Chastain filed his bill, alleging that the judgment which had been obtained in Twiggs county had been paid off by the defendants, and alleging that the proceeding was for the benefit of Tarver and Durpree, and prayed an injunction against the judgment rendered against him in Lee county, which the court below granted. The case was brought to this court, when it was held that the execution, as to two thirds thereof, should be stayed, and as to one third, that it should be allowed to proceed. We think this decision bears upon the question made in this case, and indeed, the present case is a stronger case than that referred to. So we think that as to one third of the amount due on the execution in favor of Akerman, the amount for which Tumlin is liable, the court should have directed the fund to have been paid next in order upon the Akerman execution.     *Judgment reversed.*