[No. 1100, March 2, 1906.]

ORSON E. CLARK, Appellant, v. THE APEX GOLD MINING COMPANY, et al., Appellees.

SYLLABUS.

1. The denial of any knowledge or information sufficient to form a belief, in relation to a material allegation of a complaint puts the plaintiff to the proof of it.

2. A finding on a question of fact by a trial court, without a jury, stands in place of a verdict, and a judgment founded on it will not ordinarily be reversed by this court, if there is any substantial evidence to support it.

3. To enable a stockholder in a corporation to sustain in a court of equity, in his own name, a suit founded on a right of action existing in the corporation itself and in which it is the appropriate plaintiff, there must exist and be established by evidence as a foundation of such suit, some actual or contemplated action by the directors, or other act-

ing managers, or by a majority of the stockholders themselves, which is beyond their lawful power, or fraudulent and subversive of the interests of the corporation itself, or of the other shareholders.

Appeal from the district court of Lincoln county, before EDWARD A. MANN, Associate Justice.    Affirmed.

GEORGE W. PRICHARD, for appellant.

HEWITT & HUDSPETH, for appellees.

The judgment is void, not merely voidable, and is therefore open to collateral attack.    The property must be described.

> Sec. 4157 Compiled Laws of New Mexico, 1897; Knight v. Alexander, 38 Minn. 384; Wallace v. Brown, 22 Ark. 76; Bidwell v. Webb, 10 Minn. 59; Ryan v. Staples, 76 Fed. 721; Pondexter v. Doolittle, 54 Iowa, 52; Vaughn v. Stone, et al., 55 Iowa 23; Yenda v. Wheeler, 9 Tex. 417; Powers v. Bowdle, 3 N. Dak. 107; Jackson v. Solomon, 117 Mich.; 1 Cooley on Taxation, 742.

All taxable property shall be listed, assessed and taxed each year in the name of the owner thereof on the first day of March.

> Compiled Laws of New Mexico, 1897, Sec. 4026; Compiled Laws of New Mexico, Sec. 4031.

Assessment in a wrong name or against a wrong person is void.

> Johnson v. McIntire, 1 Bibb. 295; Bird v. Benlisa, 142 U. S. 670; Weinrick v. Hensley, 121 Cal. 660; Swiegle v. Gates, 9 N. Dak. 544-5; Northern Pac. R. R. Co. v. Galvin, 85 Fed. Rep. 812-13; State ex rel., Thompson, 149 Mo. 443; Bear v. Choir, 36 Pac. 286; Perham v. The Haverhill Fibre Co. 64 N. H. 2; Vestal v. Morris, 11 Wash. 453; McKeown v. Collins, 38 Fla. 277; 1 Cooley on Taxation Sec. 726 and 545.

No title passed out of the company under this sale;

the sale only amounted to the payment of the tax; the purchasers at the sale and by virtue of it, hold it as the trustees of the company.

> Lamborn v. County Com'rs. 97 U. S. 184; Coppinger v. Rice, 33 Calif. 408; Barrett v. American, 36 Cal. 328; Gorwood v. Hastings, 38 Cal. 217; Burns v. Lewis, 86 Ga. 591; Higgins v. Crosby, 40 Ill. 261; Cooper v. Jackson, 99 Ind. 567; Manning v. Bovard, 87 Iowa, 648; Cone v. Wood, 108 Iowa, 260; Johnson v. Smith, 70 Ala. 108; Christy v. Fisher, 58 Calif. 256; Pleasants v. Scott, 21 Ark. 370; Lewis v. Wood, 99 Ill. 525.

An agent entrusted with the payment of taxes, who makes a purchase of his principal's lands at tax sale, or is interested in such purchase, cannot maintain title against his principal, even though the principal neglected to supply the means with which to pay the taxes.

> Krutz & Campbell v. Fisher, 8 Kan., 97; Cone v. Wood, 108 Iowa, 231; Lamborn v. County Commissioners, 97 U. S. 181; Sweet v. Jacocks, 6 Paige Ch. 355; Pinnock v. Clough, 42 Am. Dec. 521; Switzer v. Skiles, 3 Gilmore, 59; Follansbee v. Hilbreth, 17 Ill. 522; Mitchell v. Aten, 37 Kas. 33; Tyler v. Sanborn, 128 Ill. 136; Barton v. Moses, 32 Ill. 50; Maxfield v. Willey, 46 Mich. 252; Murdock v. Milhise, 84 Mo. 97; McMahon v. McGraw, 26 Wis. 615; Bernol v. Lynch, 36 Calif. 135; Gonzales v. Bortelsman, 143 Ill. 634; Mathews v. Light, 32 Mc. 305; Bowerman v. Officer, 53 Iowa, 640; Shay v. McNamara, 54 Calif. 169; Young v. Goodhue, 106 Iowa, 447; Morris v. Joseph, 91 Am. Dec. 386.

The tax deed fails to recite the matters and things upon which it is based, and is void on that account.

> De Freeze v. Quint, 94 Cal. 653.

But a more serious objection to the deed is, that it was given by the sheriff before the expiration of the statutory period of three years.

Clark v. Mining Co.

Sec. 4100 of Comp. Laws, N. M. 1897;
Sec. 23, p. 57, Session Laws, 1899.

A sheriff's deed executed before the expiration of the redemption period is absolutely void.

Caleb v. Coates, 36 Kas. 191; Fuller v. Shedds, 161 Ill. 462; Little v. Edwards, 84 Wis. 649; Goshorn v. Wing, 10 Mich. 486; Benham v. Kepper, 61 Cal. 331; Hall v. Yale, 45 Cal. 584; Freeman on Executions, 392; 25 Ency. of Law, 807; Cooley on Taxation, Vol. 2, p. 993.

It is incumbent on the defendants in error to prove everything essential to the validity of their tax title. The burden is on them.

Cone v. Wood, 108 Iowa, 260; Jackson v. Shepard, 17 Am. Dec. 502 and Note; Thorp v. Johnson, 4 Hill, 92; Polk v. Rose, 25 Md. 153; Norris v. Russell, 5 Cal. 249; McGahen v. Carr, 6 Iowa, 331; Lyon, et al., v. Hunt, et al., 11 Ala. 295; Ponkendorf v. Taylor, 4 Pet. 349; Blossom v. Cannon, 14 Mass. 177; Brown v. Wright, 42 Am. Dec. 481; Cooley on Taxation, 2 Vol. 916.

It would have been useless to have requested the corporation to bring this suit. The law does not require the doing of a useless or vain thing.

Mussina v. Goldthworte, 34 Tex. 125; Brewer v. Boston Theater, 104 Mass. 378; Smith v. Dorn, 96 Cal. 73; Thompson on Corporations, Vol. 4, Sec. 4504.

The president has power to appoint agents and employ attorneys for the corporation.

American Ins. Co. v. Oakley, 38 Am. Dec. 561-564; Reno Water Co. v. Lute, 17 Nev. 203; Northern R. Co. v. Bastian, 15 Md. 494; Sistare v. Best, 16 N. Y. 611; Patterson v. Smelting Works, 35 Ore. 96; 21 Ency. of Law 852; Gribbins v. Bank of Commerce, 79 Ill. App. 150; Trade v. Nelson, 162 Ill. 431; 21 Ency. of Law, 585; 2 Cook on Corporations, Sec. 716.

The appointment of the custodian herein was regular in all respects, and the taxation of his compensation against the property or fund in litigation, was proper.

> Crumlich v. Shenandoah Valley R. Co., 40 W. Va., 627; Hutchinson v. Hampton, 1 Mont. 39; Morse v. Hannibal, etc., R. Co., 72 Mo. 585; Cutter v. Pollock, 7 N. Dak. 631; Heubrer v. Dawson, 18 Ore. 474; Beckwith v. Carroll, 56 Ala. 12; Ferguson v. Dent. 46 Fed. 88.

### STATEMENT OF FACTS.

The plaintiff, Orson E. Clark, alleges in his complaint that in May, 1902, by the purchase of certain stock, he became and that he still is a shareholder in the Apex Gold Mining Company, a corporation organized under the laws of New Mexico, Aug. 6, 1894; that said company, Aug. 10, 1894, became the owner of certain tracts of land in Lincoln county, New Mexico, then and at the time of filing his complaint of the value of seventy-five thousand dollars; that, from the beginning, the affairs of said company were carelessly, negligently and extravagantly managed by its directors; that they contracted debts, suffered various judgments to be taken out against it, one in particular for taxes alleged to be due on the property of the company, of fourteen hundred and seventy-five dollars, entered originally in October, 1899, and as amended Aug. 29, 1901, which the plaintiff says was invalid, and that all such acts and omissions were for the purpose of enabling the directors and a few shareholders to get possession of the property of the company, and to cheat and defraud the other shareholders. The complaint, however, does not specify who the directors or shareholder, who were guilty of such fraudulent acts or purpose, or who were the shareholders against whom those acts were directed prior to November 7, 1900, and does not connect the plaintiff or any of the defendants in the case at bar with the affairs of the company until the date last named, when, it is alleged, the defendants A. F. Smith, and S. P. Wardwell, with Charles M. Putnam, were elected directors and the

former was chosen president; that thereupon the said Smith and Wardwell at once combined and confederated together to cheat and defraud the minority shareholders in said company and in furtherance and execution of such purpose acting especially with and through Louis G. Brockway and William Watson, two others of the defendants, allowed and had a pretended sale of the property of the company under an execution issued on said tax judgment, had a conveyance made to the said Watson, that he immediately gave a deed of the same to the said Brockway, and he, the said Brockway, conveyed it to the Lynn Mining & Industrial Company, a corporation organized under the laws of the Territory of New Mexico, one of the defendants, which the plaintiff says was organized for the purpose of and as an instrument in carrying out the alleged fraudulent purpose of the defendants, Smith and others, especially Smith.

The plaintiff alleges various acts of the defendants as details of the combination and conspiracy to defraud, which it sets up, and prays that the execution on the tax judgment above named, which was issued from said district court, Sept. 9, 1901, the sale on said execution, made Oct. 12, 1901, the deed to William Watson, made in pursuance of said sale, Oct. 14, 1901, and the deed made by the latter to the Lynn Mining & Industrial Company, Dec. 20, 1902, be adjudged and decreed null and void; and for further relief on the same lines.

The Lynn Mining & Industrial Company, William Watson and John G. Brockway, appeared and answered; the other defendants were defaulted.

### OPINION OF THE COURT.

ABBOTT, J.—It is claimed by the appellant that the allegations in his complaint, sufficient to establish his cause of action and right to the relief prayed for, are not denied by the answer. That claim is based, in part, on the form of the denial used, which is that the defendant has not "knowledge or information sufficient to form a belief" as to the matter alleged. Such an answer is sufficient to put the plaintiff to the proof of the material fact as to which it is made. Sub-Sec. 10 of Sec. 2685,

Compiled Laws of 1897; 1 Enc. Pl. & Pr. pp. 808, 809, 877; Bliss on Code Pleading, Sec. 326.

We come next to the question whether the plaintiff has established by evidence his right to maintain in his own name, as a shareholder in the Apex Gold Mining Company, an action which ordinarily could be brought only in the name of the company itself. That question was determined by the trial court in the negative. It found as a fact that there was not sufficient evidence submitted in the cause to sustain the allegation of fraud on which the plaintiff based this action and his right to maintain it as an individual shareholder.

Findings of the trial court without a jury on questions of fact, have the same standing as the verdict of a jury in this court, and a judgment based on such finding will not ordinarily be reversed if there is any substantial evidence to support it. Torlina v. Trorlicht, 5 N. M., 148 and cases cited. Field v. Romero, 7 N. M. 630; Givens v .Veeder, 9 N. M., 256; Colman v. Romero, 11 N. M., 533; Ortiz v. First National Bank of Las Vegas, 78 Pac. 529; Candelaria v. Miera, decided at the present term. Certainly it cannot be said that there is no sufficient evidence to support the finding now in question.

There were, it is true, circumstances disclosed by the evidence which, unexplained, might well have led the plaintiff to suspect the existence of the fraud and collusion which he alleged in his complaint. It appears affirmatively from the evidence, however, that the tax judgment which the plaintiff asks to have set aside, was in existence months before the defendants who were charged with fraud and collusion in relation to it, had any part in the management of the affairs of the Apex Gold Mining Company; that apparently there was no one sufficiently interested in it to furnish money for the payment of that or other claims against it, except the defendant Smith, who, after he became president, in November, 1900, made some advances for such purposes from his own funds; that the defendant, Brockway, had no authority from the Apex Gold Mining Company, or its directors, for anything he did in the premises, that he did not use its money for the purchase of the real estate

sold under the tax judgment, nor did Watson use its money, or that of any one of the defendants, in the purchase of it.

The claim of the plaintiff to the contrary, rests mainly on the evidence that Brockway, prior to the sale under said judgment, said he had come to New Mexico to settle the claims against the Apex Gold Mining Company, and showed the money which he said he had brought for the purpose. It may be that he came with that intent and found the affairs of the company in such condition that his purpose was abandoned; but, certainly, the fact, if it was one, that he once made such a statement, could not outweigh the direct testimony that he did not finally act under the authority or with the funds of the company.

There remains, therefore, no ground alleged in the complaint on which the plaintiff can maintain this action under what we understand to be the prevailing rule as stated in the case of Hawes v. Ockland, 104 U. S., p. 450, and given in substance in the Syllabus. See also, 4 Thompson on Corporations, Sec. 4501.

Such being our conclusion, we do not think it necessary to consider the other questions raised by the appellant, except that relating to the allowance of costs by the district court.

Assuming that the motion to re-tax the costs was seasonably made, we still see no reason for interfering with the decision of the district court, in the matter of charging the plaintiff with the amount paid the custodian of the property in controversy, during the litigation, who was appointed by the court, on motion of the plaintiff, as part of the costs. The decision of the trial court in such a question is generally treated as final, unless there has been a clear abuse of discretion. Pearce v. Castain, 3 Ga. 226; Clark v. Reid, 11 Pick. (Mass.) 446; Shields v. Rogiolo, 7 Mo. 136; Trustees v. Greenough, 105 U. S., 538.

Judgment of the district court affirmed.

William J. Mills, C. J., John R. McFie, A. J., Frank W. Parker, A. J., Wm. H. Pope, A. J., concur.

Mann, A. J., having heard the case below did not participate in this decision.