WILLIAM H. WHITALL ET AL., PLAINTIFFS IN ERROR, V. MARK S. CRESSMAN, DEFENDANT IN ERROR.

1. Deposit of Funds into Court: INTEREST. Where money was paid into the district court in satisfaction of a decree and for distribution, and an appeal taken to the supreme court, where the order of distribution was changed, *Held*, There being no order of the district court requiring the money to be put out at interest, that a party entitled to a portion of the funds, and who had obtained the same, was not chargeable with interest thereon; but for money to which he was not entitled, he was chargeable with interest.

2. Costs: RETAXATION. A party complaining of the taxation of costs in the district court must file a motion in that court to retax the same. The ruling on the motion to retax is subject to review.

ERROR to the district court for Cuming county. Tried below before CRAWFORD, J.

*John D. Howe*, for plaintiffs in error.

*Lamb, Ricketts & Wilson*, for defendant in error.

MAXWELL, J.

This case grows out of that of *Cressman v. Whitall*, 16 Neb., 592, the cause being remanded to the district court for the entry of a new decree in accordance with the views expressed in the opinion. The district court thereupon rendered a decree as follows:

" This cause coming on to be heard on the motion of the above-named defendants, for an order of the court to file the mandate of the supreme court herein and for the entry of a decree thereunder as therein commanded ; said order and decree to be entered as of the term of the court said mandate was received and as the date of the same appears, to have been filed by the clerk of this court, which said motion, after arguments by counsel, is hereby sustained. The court, after being fully advised in the premises, finds that the defendants, William H. Whitall, John D. Howe, and Richard F. Stevenson, received of said fund the sum of six thousand six hundred and fifty-six dollars and eighty-three cents, of date December 22, 1883, and that they are properly chargeable with seven per cent interest thereon from date of receipt up to November 19, 1884, when decree was ordered entered by the supreme court allowing certain defendants amounts therein stated, amounting to $419.29, which, with principal, amounted $7,076.12.

" The court further finds that on said nineteenth day of November, 1884, the said Howe and Stevenson were entitled to retain of said fund so as aforesaid found in their possession, the sum of $5,799.36, due thereon, and their clients, to-wit : Howe and Stevenson, $2,800; Eliza B. Gavit, administratrix of the estate of Nelson Gavit, $2,986; William H. Whitall, $13.26. That after deducting the above amounts there remained in the hands of Howe and Stevenson and Whitall, on November 19, 1884, the sum of $1,276.76, which amount they are required to pay to the

clerk of this court; that the defendants, the West Point Manufacturing Company and the West Point Butter and Cheese Association, still retain of said fund the sum of $500, which, with interest at 7 per cent from December 22, 1883, should be paid into court.

" It is therefore ordered, adjudged, and decreed by the court that the defendants, William H. Whitall and John D. Howe and Richard F. Stevenson, pay into court the sum of $1,276.76, and that execution is awarded therefor; that the West Point Manufacturing Company and the West Point Butter and Cheese Association pay into court the sum of $543.75; that on their failure so to do that the plaintiff is authorized to enforce the judgment lien in favor of William H. Whitall, and against the said West Point Manufacturing Company and the West Point Butter and Cheese Association in the case of *Romig et al. v. The West Point Manufacturing Company et al.*, and it is further ordered that the residue of said fund be disbursed in the manner following: That $1,200 of the residue be held to await the order heretofore entered herein; that the residue of said fund be at once paid over to the said plaintiff, together with the $1,200, if the same remains unclaimed under the order heretofore entered herein, or shall be awarded said plaintiff on further proceedings, as provided by the order heretofore entered herein; and that the plaintiff have and recover his costs, taxed at $........., of, from, and against William H. Whitall, and that Howe, Stevenson, Gavit, or their attorneys, who received and retained out of said fund the several amounts so as aforesaid found due thereon, are required to file receipts with the clerk of this court for the several amounts so received and retained," etc.

The principal objection made by the plaintiff in error to the decree is the item of interest of $419.29 for the use of $6,656.-83 from December 22d, 1883, to November 19th, 1884, as it is claimed a considerable part of this money belonged to the parties named, and they should not be required to pay

interest on their own money. The directions of this court as to what the decree should contain is found in *Cressman v. Whital*, 16 Neb., 600. It is there stated that the sum of $2,800 was to be paid to Howe and Stevenson, and the money found due the Gavit estate, less the deduction of $746, was to be paid to the agent or attorney authorized to receipt therefor. That $1,200 was to be held for further proof of ownership, and that the remainder was to be paid to plaintiff (together with the $1,200) if not awarded to the estate of Blair or his assignees.

There was no order of the district court that the money be put out at interest, and so far as the record discloses the money was simply held by the parties named, awaiting the order of distribution. This being so, a party should not be required to pay interest on *his own money*. The court awarded them certain sums. This money was theirs, and if they had not had the use of the money they would have been entitled to interest on the same; but as to those funds to which they were not entitled, interest will be charged at seven per cent. Some question is raised as to certain costs, but so far as appears no motion to retax has been filed, and a ruling had thereon by the lower court. This is necessary in order to review the proceedings on error. *Wood v. Colfax Co.*, 10 Neb., 556. *Linton v. Housh*, 4 Kas., 536. The decree of the court below will be modified in this court to conform to this opinion, and as thus modified it is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.