CASE 23—PETITION EQUITY—APRIL 14.

# Kenton Ins. Co., &c., v. First National Bank, &c.

### APPEAL FROM KENTON CHANCERY COURT.

1. INTEREST—ESTOPPEL.—Wherever one person has the money of another in his possession and uses it as his own, he is chargeable with interest for its use.

    Where pending a contest between two creditors as to which has the superior lien on certain property of their common debtor, the property is, by consent of all parties, ordered to be sold and the proceeds paid to one of the creditors, subject to the order of court, and it is finally adjudged that the other creditor has the superior lien, the creditor having the use of the fund, pending the litigation, is liable to the other.creditor for interest thereon, although the fund was paid to him by consent of all parties in interest.

2. SAME—SUBROGATION.—Where one creditor had such a claim against the other for interest, and had also a lien upon the property of another which he had the right to subject and did subject to the payment of the balance of the debt after exhausting the property in litigation, the person whose property was thus subjected is entitled to be subrogated to his claim against the other creditor for interest.

A. C. ELLIS FOR APPELLANTS, THE SHINKLE CHILDREN.

    A party who gets the use of a fund in dispute must account for the interest. (Breckinridge v. Hoke, 4 Bibb, 273; Taylor v. Knox's Heirs, 1 Dana, 308.)

O'HARA & BRYAN FOR APPELLEES.

    As the banks were, by consent of all the parties, selected as the depositories of the court for the proceeds of the stock, they are not chargeable with interest. (Taylor v. Knox's Exer's, 1 Dana, 398; Cartmill v. Brown, 1 Mar., 576; Vance, &c., v. Vance, &c., 5 Mon., 525.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

On the 15th day of August, 1883, V. Shinkle, of Covington, Ky., being insolvent, executed to R. T. Miller and Wm. Fenley a general deed of assignment for the

equal benefit of his creditors. The assignees at once qualified under the deed. At the time of the assignment, V. Shinkle was owner of many shares of the capital stock of the Kenton Insurance Company. He was also indebted to that company in a large sum, to secure the payment of which he, and Lydia A. Shinkle his wife, executed a mortgage on her land. V. Shinkle was also indebted to the appellees—the banks—for borrowed money, and had pledged to them as collateral security of said loans, a portion of the certificates of the capital stock owned by him in the Kenton Insurance Company. On the 7th day of September, 1883, the Kenton Insurance Company instituted an action in the Kenton Chancery Court against the heirs of Lydia A. Shinkle, she having theretofore died, seeking to enforce its mortgage lien upon said land and to sell it for the payment of its debt.

On the 5th of November, 1883, said company, by an amended petition, made the appellees parties to the action and asserted that, by the terms of its charter, it had a lien on the said stock of V. Shinkle to secure the payment of his debt to it, which lien was superior to the lien of the appellees. The appellees joined issue as to the superiority of the said company's lien, and, in view of that issue, the court, on the 9th day of November, 1883, rendered the following judgment and order:

" It is ordered, by consent of all the parties, that the stock in the Kenton Insurance Company owned by V. Shinkle and embraced in his deed of assignment to Fenley and Miller, and including that which is held by the appellees, be sold by said assignees upon a credit of three months, taking bond, with security, from the purchasers, bearing six per cent. interest per annum from the day of

sale until paid. The bonds shall be made payable to the said banks, the appellees, and the assignees for the stock that they respectively hold, and they may collect said bonds when due, and hold the proceeds subject to the order of the court."

The stock was sold and the bonds taken and delivered to the respective parties in interest, pursuant to this order, and the appellees collected theirs at maturity. The assignee reported the sale to the next term of court, which was affirmed.

On the 29th day of October, 1885, the court adjudged that the appellee—First National Bank—was entitled out of the sale of said stock to $6,196.66—that being the amount of its debt on V. Shinkle; and the appellee—the German National Bank—was entitled, out of said proceeds, to the sum of $8,420.33, that being the amount of V. Shinkle's indebtedness to it.

The appellees had collected upon said bonds amounts in excess of the foregoing sums, which they paid to the master commissioner on the 17th day of November, 1885. As intimated, the chancellor decided the issue as to the superiority of said lien in favor of the appellees, and they retained said sums of money in discharge of V. Shinkle's indebtedness to them. But the Kenton Insurance Company appealed from that judgment to this court, asserting its superiority of lien to said proceeds. This court reversed the judgment of the lower court upon the ground that the lien of the Kenton Insurance Company on said stock was superior to the respective liens of the appellees upon the same, and directed that the appellees be required by the lower court to pay the proceeds to the Kenton Insurance Company to be applied to the payment

of said mortgage debt, and if any of the mortgage debt remained unsatisfied after said payment, then the mortgaged land was to be sold to satisfy the same. The respective sums, less the interest thereon, retained by the appellees, per order of the lower court, were paid over to the Kenton Insurance Company; but said sums did not fully discharge the mortgage debt, and a portion of the mortgaged land was sold to satisfy the remainder of the debt. The appellees, not having paid the interest on the sums that they paid to the Kenton Insurance Company, that company and the Shinkle children proceeded against them to recover said interest during the time that they had possession of the money, which proceeding they resisted on the ground that they were not bound to pay interest on said sum. The chancellor decided that the appellees were not bound ·to pay the interest claimed. From that judgment the Kenton Insurance Company and the Shinkle children have appealed to this court. Since the appeal, the Kenton Insurance Company has dismissed its appeal, and the appeal now stands in the name of the Shinkle children alone. If the Kenton Insurance Company was entitled to said interest, then the Shinkle children are likewise entitled to it, because their property was taken to pay the debt for which the interest was primarily bound; consequently, they are entitled to be subrogated to the rights of the Kenton Insurance Company as to said interest.

The question then is, should the appellees pay interest on said money during the time that they held and used it?

It is to be observed that the dispute between the appellees and the Kenton Insurance Company was as to which

owned the superior lien upon said stock. And as the appellees had the possession of the stock, they were permitted to receive and use the proceeds of the stock pending the litigation as to which owned the superior right to the proceeds.

But the appellees received and held the proceeds as their own; agreeing, however, to pay them over to the court's order if it was finally decided that the Kenton Insurance Company was entitled to them.

Now, it turns out that the appellees' right to the money and its use was subject to the superior right of the Kenton Insurance Company. But as the appellees' retention of the money was by the order of the court made lawful, should they in such case pay the interest on the money during the time they held it?

It is well settled in this country that even if a person has the money of another person lawfully in his possession, and uses it as he would his own, he is chargeable with interest for the use. He has used the property to which another was entitled, not as a gift of the use, but as a matter of right; and by the broad principles of right, he should pay interest for the use. He should not be allowed to profit by the use of another's property without paying him for that use.

But it is said, as there is no proof that the appellees used the money, no presumption arises that they did use it; therefore, they should not pay interest. It is undoubtedly true that where money is placed in the hands of a custodian—a mere stakeholder—by the chancellor to be held subject to the order of the court, no presumption ordinarily arises that the custodian used the money; therefore, he is not chargeable with interest unless it ap-

pears that he did use the money; then, in that case, he must pay interest. But it seems to us clear that, where a person is claiming the money as his own and is permitted to collect it and retain it as his own, and is only required to hold it subject to the court's order in case it turns out that the person is not entitled to it, then the presumption arises that the person retained and used the money as his own, and he is chargeable with interest. Such is the case here.

In the case of Candee v. Webster, 9 Ohio State Reports, 452, it is said, quoting from Pennsylvania Reports, that a garnishee is not chargeable with interest upon his indebtedness to the defendant during the time that he was restrained from paying by force of the attachment. "The garnishee, however, is only there entitled to the benefit of the rule upon his standing as a mere stakeholder between the plaintiff and defendant, admitting his liability to pay to the party entitled to receive the money; or, at least, not denying his liability to pay." The part quoted is approved as a correct rule. And a similar rule, it is said in that case, prevails in Maine; so, also, in Georgia and in Massachusetts.

As said, the appellees did not stand in the attitude of indifferent custodians of the money under the order of the court; but they were claimants of the money, contesting the right of the Kenton Insurance Company to it. And the court, by consent, let them collect and retain the money, subject to its order to pay it into court if the court adjudged that the money did not belong to them. That such is the meaning of the order there can be no doubt. And it follows, as it seems to us, as night the day, that the appellants did not collect and hold the money as in-

different stakeholders, ready and willing to pay the same to whom the court might direct, but they held it as claimants contending for and agreeing to pay it to their antagonist only upon the condition that the court adjudged that it belonged to it and ordered them to pay it over. So the presumption clearly arises that they used the money as their own, and not as mere stakeholders, and are chargeable with interest. American Leading Cases, Hare and Wallace, 5th ed., page 632.

It is also said that the appellants—the Shinkle children—are estopped to claim interest. We fail to see wherein they are estopped. The old record shows that they, by their answer, denied the right of the appellees to said stock as against the right of the Kenton Insurance Company; because, if the claim of that company to the stock prevailed, its demand against their real estate, that their mother had been induced to mortgage in her life time, would be decreased in proportion to the value of the stock. And that company's superior right to the stock was finally sustained by this court. So, thus far, it is not inequitable for said appellants to assert their right to the interest. So, also, the consent judgment and order referred to does not estop said appellants from asserting right to the interest. They merely consented that the appellees should retain the possession and use of the money that they claimed as their own, until the question as to the ownership could be decided by the court. If the appellants had not consented to the order, would there be any doubt that the appellees would be chargeable with interest? We think not. Then, how can their consent to the order change their equitable right to interest on their money that the appellees have used?

The judgment is reversed.