HAMILTON *v.* DuPRE *et al.*

1. While, in equity cases, "it is the province of the judge . . to determine upon whom the costs shall fall," he has no arbitrary power in this respect, but must exercise a sound discretion in deciding by whom the costs shall be paid.
2. Under the facts of the present case, it was not a proper exercise of such discretion to tax against the plaintiff in error, who was entirely free from either fault or liability, any portion of the expenses of the litigation.

Argued February 12, — Decided March 25, 1898.

Motion for decree. Before Judge Kimsey. Hall superior court. January term, 1897.

*J. B. Estes* and *D. S. Craig*, for plaintiff in error.
*Dean & Hobbs*, contra.

LUMPKIN, P. J.　A distress warrant in favor of Mrs. DuPre was levied upon certain personal property, including a horse, belonging to Mrs. Hamilton. Being unable to give security for the eventual condemnation-money, the latter filed an equitable petition against Mrs. DuPre and the constable who made the levy, praying that he be restrained from selling the property. In their answer the defendants prayed for a receiver, and the court appointed the constable and directed him to sell the horse after advertising as for constables' sales. The animal was not, however, sold under this order, but in pursuance of an agreement of counsel was kept for a time without cost by certain persons, who subsequently returned the horse to the receiver, and he, after obtaining another order of sale, sold the horse for $50.50. Upon the trial of the main issue, there was a verdict for Mrs. Hamilton; and it was thereupon adjudged that she was not liable to Mrs. DuPre for any rent, and that

her property which had been seized by the constable was not subject to the distress warrant. The court, in taxing the costs, nevertheless adjudged that Mrs. Hamilton was liable for the receiver's fees and expenses, including $20.00 cash paid for feeding the horse, $15.00 for the receiver's services, and the same amount for his attorney's fees, and also for $18.00 paid for storing and moving the other personalty upon which the constable had levied. These several sums amounted to $68.00; and the judgment further provided that the $50.50 realized from the sale of the horse be applied in part settlement thereof, and that the receiver sell enough of the property of Mrs. Hamilton left in his hands to make the balance of $17.50, unless she paid the money within ten days. She complains that the court erred in rendering this judgment; and in this position we unhesitatingly concur.

Though this was an equitable proceeding, a decidedly inequitable result was reached. Mrs. Hamilton was entirely without fault or blame. She did nothing which was not absolutely essential to the protection of her rights, and we are therefore of the opinion that she should not be taxed with any of the costs or expenses of the litigation. To require her not only to have her horse sacrificed at forced sale, but also to adjudge that her other property be sold to pay the balance of the receiver's fees and expenses, was to impose upon her a hardship which the facts of the case did not warrant. In equitable cases it is, under section 4850 of the Civil Code, the duty of the judge to determine upon whom the costs shall fall; but he has no arbitrary power in this respect. On the contrary, he should exercise a sound discretion in deciding by whom the costs shall be paid. We do not think this discretion was properly exercised in the present case.

*Judgment reversed. All concurring, except Cobb, J., absent.*