## Albers v. The Norton Company.

(Decided April 16, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Interest—Where One Holds Money Subject to Order of Court—When Chargeable with Interest.—Where a person is claiming money as his own and is permitted to collect it and retain it as his own, and is only required to hold it subject to the court's order in case it turns out that he is not entitled to it, the presumption arises that he retained and used the money as his own, and he is chargeable with interest.

A. C. RUCKER and ALEX G. BARRETT for appellant.

W. PRATT DALE for appellee.

EXTENDED OPINION BY JUDGE LASSING.

For opinion in this case see page 187.

In the petition for modification and extension of the opinion herein our attention is called to the fact that the opinion is silent on the question of the right of appellant to interest on the insurance money. The insurance com-

pany paid into court the loss on the burned building, amounting to $2,210. A portion of it was adjudged due appellee for accrued rent. The balance of $1,469.10 was claimed by each of the parties, appellee claiming it under an option clause of the lease and appellant claiming it as his property. The lower court decided that it belonged to appellee and, on July 10, 1909, an order was entered permitting appellee to withdraw from court this $1,469.10, and on July 12, 1909, appellee received this money.

In the opinion rendered herein appellant was adjudged to be the owner of and entitled to this money, and since it has been withheld from him by appellee, he is entitled to interest thereon for the use of it from the date upon which it went into appellee's hands.

This identical question was before this court in Kenton Ins. Co. v. First National Bank, 93 Ky., 129. In that case there was a dispute between the litigants as to who held the superior lien upon certain stock. Appellees had the stock and were permitted to receive and use the proceeds thereof pending the litigation. Upon final hearing it was held that appellant's claim was superior to that of appellee, and he was held accountable to appellant for interest, the court saying:

"But it seems to us clear that, where a person is claiming the money as his own and is permitted to collect it and retain it as his own, and is only required to hold it subject to the court's order in case it truns out that the person is not entitled to it, then the presumption arises that the person retained and used the money as his own, and he is chargeable with interest."

Upon the authority of the ruling of the court in this case interest should have been awarded appellant, and the opinion is now so modified and extended to allow appellant interest upon this sum from the date that appellee received it.