LOWE, trustee, *v.* BYRD *et al.*
CHAPPELL *et al. v.* LOWE, trustee, *et al.*
CERF *et al. v.* BYRD *et al.*
ASKEW *v.* BYRD *et al.*

1. A director of a corporation chartered under the provisions of the Civil Code, § 2823, is charged with notice of the amount of capital stock provided for in the charter, and the amount of subscriptions for such stock; and where the corporation is organized and begins business before the minimum amount of capital stock has been subscribed, and a director extends credit to the corporation, a subscriber to stock will not be estopped as against such director, in a suit for the amount of his subscription, from denying the binding effect of the subscription contract on account of a failure to have the minimum amount of capital stock subscribed.

(a) Relatively to third persons who extend credit on the faith of the corporation being duly organized there would be an estoppel.

2. The decision of this court when the case was decided on demurrer did not comprehend the ruling expressed in the first part of the foregoing headnote, and is not conclusive as to the questions there decided.

3. Relatively to third persons who extended credit on the faith of the due organization of the corporation, the auditor found for the plaintiff, and further, upon sufficient evidence, that there were sufficient corporate assets to pay off such creditors, and found generally for the defendants.

4. None of the assignments of error in the main bills of exceptions show cause for reversal.

5. Under former decisions of this court as applied to the facts of this case, the judge did not abuse his discretion in apportioning costs of court against the plaintiffs in error in the cross-bill of exceptions.

Nos. 581, 582, 583, 584. SEPTEMBER 14, 1918.

Exceptions to auditor's report. Before Judge Bell. Fulton superior court. May 24, 1917.

*Walter S. Dillon, Hewlett & Dennis,* and *C. T. & L. C. Hopkins,* for plaintiffs in main bills of exceptions.

*Owens Johnson, Atkinson & Born, Walter W. Visanska, Moore & Pomeroy, Smith, Hammond & Smith, C. P. Goree, H. J. Haas,*

Thomas & King, H. W. Dent, Dorsey, Shelton & Dorsey, W. D. Ellis Jr., Napier, Wright & Wood, and H. A. Etheridge, for defendants.

ATKINSON, J. A trustee in bankruptcy for an illegally organized corporation instituted an action against certain persons, for unpaid subscriptions to capital stock of the corporation, and for apportionment of the recovery among creditors who had filed claims in a court of bankruptcy. Among the claims alleged in the petition were those of H. S. Miles, Ed. A. Cerf, Ed. N. Pearce, J. Cheston King, B. F. McLaughlin, J. F. Askew, and I. D. Crawford, arising out of credit extended by them while they were directors of the corporation, to enable it to pay other creditors who were pressing their claims for payment. The remaining claims were in favor of third persons who had extended credit in the usual course of business. Certain of the defendants filed demurrers, which were overruled. A stipulation was made of record that one of the demurrants should except and that the judgment of the Supreme Court should apply to all. The judgment of the trial court was affirmed. Chappell v. Lowe, 145 Ga. 717 (89 S. E. 777). Some of the defendants filed answers, and some filed a cross-petition. Several defenses were set up in the answers; and one defense relied on by all was that the subscriptions for stock were not binding, because the minimum amount of capital stock provided for in the charter had never been subscribed. The case was referred to an auditor, who upon the pleadings and evidence found that the minimum amount of capital stock had never been subscribed, and that the above-named directors of the corporation were charged with notice of that fact at the time they extended credit, and accordingly there could be no recovery for the amount of their claims. He also found that there were sufficient funds to pay all other creditors, and thereupon decided generally for the defendants. In the decree which was rendered by the court it was provided that defendants should pay certain portions of the court costs. Several bills of exceptions were sued out, assigning error upon the judgment overruling exceptions of law and fact to the auditor's report, which disallowed a recovery upon the stock subscriptions in so far as necessary to pay the demands alleged to be due the directors. In one of the cases certain of the defendants in error filed a cross-bill to so much of the decree as required the defendants to pay costs of court.

1. A subscriber to the capital stock of a corporation chartered by the superior court under section 2823 of the Civil Code may defend against a suit by the corporation upon his subscription contract, by showing that the minimum amount of capital stock specified in the charter had not been subscribed. *Hendrix* v. *Academy of Music,* 73. *Ga.* 437, 443; Cook on Corp. § 176; Thompson on Corp. §§ 613, 3688, 3845. When, however, the incorporators have organized and commenced business before the requisite amount of capital stock has been subscribed, and third persons have extended credit on the faith of the corporation being legally organized, and, the company becoming insolvent, suit is instituted in behalf of such creditors against subscribers to stock upon unpaid stock subscriptions to compel contribution for payment of such creditors, under application of the doctrine of estoppel the defense above mentioned is not available. *Burns* v. *Beck,* 83 *Ga.* 471 (10 S. E. 121) ; *Georgia Southern Railroad Co.* v. *Mercantile Trust &c. Co.,* 94 *Ga.* 306 (21 S. E. 701, 32 L. R. A. 208, 47 Am. St. R. 153) ; *Chappell* v. *Lowe,* supra. But if at the time credit is extended the creditor knows the fact upon which the defense is predicated, namely, that the requisite amount of capital stock had not been subscribed, he can not be said to have been misled, and relatively to him there would be no basis for the estoppel against the subscriber to stock. Temple *v.* Lemon, 112 Ill. 51 (1 N. E. 268). Subscriptions to capital stock constitute assets of the corporation, and as such are to be taken into consideration in determining the company's solvency or financial status. The duty of seeing to their collection, when necessary to comply with the law or to preserve the solvency of the corporation, devolves upon the directors. The duty of the directors in those respects is such that the law will charge them with notice of the amount of capital stock necessary to be subscribed for the organization of the company and of the amount actually subscribed; and it follows that if there be a deficiency in the amount subscribed, the directors are charged with notice of such deficiency. This results from application of principles applied in the case of *Lowry Banking Co.* v. *Empire Lumber Co.,* 91 *Ga.* 624 (17 S. E. 968). That was a case where directors of an insolvent corporation became sureties on negotiable papers of the corporation, and executed mortgages on property of the corporation to indemnify themselves. In the opinion it was stated that one question for decision was, "Can the mortgages of an in-

solvent corporation, executed for the benefit of its own directors, be good as against creditors of the corporation? Before entering upon a discussion of this question, it will perhaps be proper to remark that, in our opinion, the record clearly shows that the corporation was insolvent when the mortgages were given, and, as already seen, the directors were unquestionably chargeable with full knowledge of this fact." The previous portion of the opinion, alluded to in the last part of the foregoing excerpt, was: "A corporation can do nothing except through the individuals who are charged with the management and control of its affairs. In the very nature of things the directors are, of all persons, those who ought to be aware of everything material to a proper discharge by the corporation of its duties and obligations. To permit ignorance in these officials of its affairs would certainly be going to the extreme limit of legal indulgence. Surely they ought to know its condition with reference to solvency or insolvency. This duty is imperative, and therefore for all purposes they are to be dealt with and treated as having absolute knowledge of what the corporation owns and what it owes, whenever a mortgage upon its property is executed with their consent or by their authority. To state this proposition is to argue it, and we have no doubt it will be accepted as correct without question." Some of the complaining directors became such officers at the organization of the corporation and continued to be such. The others were not connected with the corporation at its inception, but subsequently became purchasers of stock and were elected directors and became active in the management of its financial affairs. The subscriptions to stock upon which the suit was based were outstanding during the terms of all, and it devolved upon them to know and collect the subscriptions, if the subscribers were liable to the company thereon. That state of affairs existed before the credit was extended by the directors, for which it was sought to hold the subscribers responsible. Under the circumstances the subscribers were not bound to the company for payment of their subscriptions, because the requisite amount of capital stock had never been subscribed; and while they would be estopped from urging that defense as against third persons who had extended credit on the faith of the corporation being duly organized, they were not estopped as against the directors who were charged with notice of the deficiency in subscriptions to stock at the time they extended credit to the corporation.

2. It is insisted that the case was not different on its facts under the answers from what it was on demurrer under the petition and its amendments, and that the ruling of this court holding that the petition set forth a cause of action (*Chappell* v. *Lowe,* supra) concluded the defendants relatively to the claims of the directors. The petition and its amendments alleged all that was necessary to show the status of the directors, as indicated in the preceding division of this opinion, and also the claims of other creditors who were not directors or officers of the corporation, but who had extended credit in the ordinary course of trade upon the faith of the corporation having been duly organized. Thus there were two classes of creditors, in favor of one of whom estoppel against the subscribers to stock would arise, while as to the other, which included the directors, estoppel would not arise. The case was decided on general demurrer, and the petition, being sufficient as to some of the claims, could not be dismissed. The decision affirming the judgment of the trial court did not discuss the status of directors extending credit while charged with notice, as distinguished from third persons extending credit on the faith of due organization of the corporation, and is to be understood as applying the doctrine of equitable estoppel in favor of only the latter class.

3. Certain creditors having no official relation with the company extended credit to the corporation on the faith of its being legally organized. As to these the auditor properly found that the defendants would be estopped from setting up the defense that the requisite amount of capital stock had not been subscribed, and accordingly found in their favor. The auditor, however, further found, as he was authorized to do by the evidence, that there were sufficient corporate assets to satisfy all such claims.

4. The rulings made in the preceding divisions are controlling, and special reference need not be made to the various assignments of error in the several direct bills of exceptions. It is sufficient to say that none of them show cause for reversal.

5. In one of the cases a cross-bill of exceptions assigned error upon so much of the decree as directed the plaintiffs in error in the cross-bill of exceptions to contribute thirty dollars each to payment of costs of court. These plaintiffs in error were defendants in the main suit. In their pleas they did not seek any affirmative relief, but only prayed to be held not liable for any amount sought to be recovered or for costs. If the case were at law, the costs

would go against the party cast in the suit. Civil Code, § 5980. But being in equity, section 5423 applies, which declares: "Special verdicts may be found by the jury, and they may recommend to the court the assessment of costs upon the respective parties. . It is the province of the judge, however, to determine upon whom the costs shall fall." It has been held many times that under this provision of law the judge has a discretion as to apportionment of costs between parties. *Hamilton* v. *DuPre*, 103 *Ga.* 795 (30 S. E. 248); *Davidson* v. *Story*, 106 *Ga.* 799 (3), 803 (32 S. E. 867); *Torras* v. *Raeburn*, 108 *Ga.* 345 (7), 349 (33 S. E. 989); *Guernsey* v. *Phinizy*, 113 *Ga.* 898 (3), 901 (39 S. E. 402, 84 Am. St. R. 270); *Moore* v. *Dickenson*, 117 *Ga.* 887 (45 S. E. 241); *Fitzpatrick* v. *McGregor*, 133 *Ga.* 332 (4), 344 (65 S. E. 859, 25 L. R. A. (N. S.) 50); *Capital City Tobacco Co.* v. *Anderson*, 138 *Ga.* 667 (2), 668 (75 S. E. 1040). The only instance in which the judgment was reversed for abuse of such discretion was in the case of *Hamilton* v. *DuPre*, supra, in which the defendant was held to be wholly blameless; but the decision in that case was not put upon that fact alone. Other facts were stated in the opinion as tending to show unreasonableness of the judgment of apportionment, and upon all the facts stated it was held that it was in the discretion of the court to award costs against both parties, but not to do so arbitrarily, and the judgment under review showed an abuse of discretion. While the case was like the present in so far as the defendant was found not to be in the wrong, in other respects the case was different. Under all the circumstances, and in view of the rulings in the other cases cited above, it can not be said in this case that the judge erred in apportioning the costs in such manner as to charge the defendants with the amount they were required to pay.

*Judgment affirmed on each bill of exceptions. All the Justices concur.*