### GRIZZARD *v.* FORD *et al.*

GILBERT, J. This was an equitable proceeding for injunction, accounting, dissolution of a copartnership, and receiver. Upon the hearing, after the appointment of a receiver and a report by him, the plaintiff moved to dismiss the proceeding, which the court did. The court's order adjudged that the costs of the case, including the receiver's fees of $100, be taxed equally against the plaintiff and the defendant. The defendant excepted on the ground that when a plaintiff dismisses or abandons his own case, all costs should be taxed against him, and that the court was without power to order otherwise. *Held:*

1. "In all civil cases in any of the courts of this State (except as provided for by this Code), the party who shall discontinue, fail, or be cast in such suit shall be liable for the costs thereof." Civil Code (1910), § 5980.

2. An exception to the above-stated rule is provided for equitable proceedings in the Civil Code (1910), § 5423, as follows: "Special verdicts may be found by the jury, and they may recommend to the court the assessment of costs upon the respective parties. *It is the province of the judge, however, to determine upon whom the costs shall fall.*"

3. "Costs do not always in chancery follow the event of the cause. They rest in the sound discretion of the court." *Pearce* v. *Chastain*, 3 *Ga.* 226 (4) (46 Am. D. 423). This discretion must not be exercised in an arbitrary manner. *Hamilton* v. *DuPre*, 103 *Ga.* 795 (30 S. E. 248); *Lowe* v. *Byrd*, 148 *Ga.* 388, 393 (96 S. E. 1001); *Lane* v. *Tarver*, 153 *Ga.* 570 (2) 585 (113 S. E. 452). The discretion of the judge will not be controlled by this court, unless it is manifestly abused. *Guernsey* v. *Phinizy*, 113 *Ga.* 898 (3) (39 S. E. 402, 84 Am. St. R. 270).

4. In view of the receiver's report, not contradicted, in which the defendant was shown to have frustrated all efforts to salvage partnership assets, the discretion of the court in taxing the costs of the case equally between the plaintiff and the defendant will not be controlled.

> *Judgment affirmed. All the Justices concur.*

No. 6865. DECEMBER 14, 1928.

*Noah J. Stone,* for plaintiff in error.

*A. R. Dorsey, Jones, Evins, Moore & Powers, Ralph Williams, Cecil R. Hall,* and *Clinton Cox,* contra.