BIGGERS *v.* NOLAND *et al.*

No. 9258. NOVEMBER 16, 1932.

*William A. Thomas,* for plaintiff.

*Hewitt W. Chambers* and *George L. Bell,* for defendants.

GILBERT, J. Biggers filed a proceeding in equity. The prayers included relief by way of injunction, some of which was in its nature mandatory. The petition alleged that the defendant was insolvent. The case was referred to an auditor, who found in favor of the plaintiff. The decree of the court followed the auditor's report, but did not specifically grant all of the relief sought. The court assessed the fee of the auditor against the plaintiff and the surety on a bond which the court had required of the plaintiff, "to stand good for any judgment that may be rendered against him in the final adjudication of said cause." "Other costs in the case were taxed against defendant primarily; but if not made out of him,

then to be taxed against and made out of the plaintiff." There was no exception within the time allowed by law to the judgment rendered. At a subsequent term Biggers filed a motion to set aside the judgment. This motion alleged that the defendant, Noland, "is absolutely insolvent and nothing more than a mendicant upon the street, and therefore the 'other costs' referred to in" the order taxing the costs "are now taxed against petitioner." The only error assigned is upon the judgment "overruling the motion . . to set aside and vacate the judgment of June 20th, 1932, [which taxed the costs against the petitioner, Biggers, and Rand, surety on the bond] because the same was injurious and hurtful to him and to F. L. Rand, his surety, and because the said order and judgment was contrary to law."

In equity cases it is the province of the judge to determine upon whom the costs shall fall. Civil Code (1910), § 5423; *Fitzpatrick* v. *McGregor*, 133 *Ga.* 332 (4), 344 (65 S. E. 859, 25 L. R. A. (N. S.) 50) ; *Lowe* v. *Byrd*, 148 *Ga.* 388 (96 S. E. 1001) ; *Lane* v. *Tarver*, 153 *Ga.* 570 (2), 585 (112 S. E. 452). The case of *Hamilton* v. *DuPre*, 103 *Ga.* 795 (30 S. E. 248), cited for plaintiff in error, on its facts, was an extreme case, showing an abuse of discretion. It was stated in *Lowe* v. *Byrd*, supra, and *Lane* v. *Tarver*, supra, that *Hamilton* v. *DuPre* is the only case in which the judgment of a lower court has ever been reversed for abuse of discretion in determining upon whom the payment of costs shall fall. Under the facts of this case it can not be said that an abuse of discretion is shown.          *Judgment affirmed. All the Justices concur.*