UNITED STATES FIDELITY & GUARANTY CO. *v.* CLARKE *et al.*

REID, Chief Justice. 1. When a judgment awarding a fund in the custody of a court of equity to one of several lien claimants was reversed by this court, such claimant in whose favor the judgment was rendered is liable for interest on all or any part of the fund thereafter found to belong to one of the other claimants, where it appears that upon the rendition of the judgment he took possession and has had the use of the fund. Smith *v.* Phillips, 175 La. 198 (143 So. 47); Kenton *v.* First National Bank, 93 Ky. 129 (19 S. W. 185); Albers *v.* Norton Co., 147 Ky. 751 (145 S. W. 757); Whitall *v.* Cressman, 18 Neb. 508 (26 N. W. 245).

2. The amount of the fund in the custody of the court, which was raised by the sale of various pieces of property by the receiver and paid over under the judgment so reversed by this court, was not in dispute. The plaintiff (the party claiming interest) asserted a lien on all of the property represented by the fund, and the claim thus made was, as against the claimant to whom the fund was originally awarded, a liquidated demand, although by the answer of such claimant and the other defendants not only was the existence of any lien in favor of the plaintiff contested but it was asserted that such lien, if it existed, did not attach to a particular piece of the property.

3. The foregoing ruling is not altered by the fact that the party to whom the fund was originally paid, and against whom interest is sought, is a county. The county, having collected and used money which actually belonged to the plaintiff, is chargeable with interest the same as any other person would have been. See *Hartley* v. *Nash*, 157 *Ga.* 402 (121 S. E. 295).

4. Especially does it appear that interest should be allowed in this case, since, upon awarding the county the funds in satisfaction of its fi. fa. against Lamback and the personal sureties on his official bond, the court required by the same order that the personal sureties execute a bond to repay any amount of the fund that might thereafter be found to belong to the plaintiff surety company in the event of a reversal of the decree, with interest at seven per centum from that date (the time from which interest is claimed), and in all subsequent proceedings the personal sureties recognized their liability to the county by virtue of their bond. The personal sureties received the benefit of the award to the county, by virtue of the satisfaction of the fi. fa. held by the county against them, and were thereby relieved of interest on such fi. fa. from the date that the money was paid over to the county. The substantial legal effect of these facts and the order of the court is that the amount of the fund found to belong to the surety company (the decree awarding it to the county having been reversed by this court) drew interest from the date of the order awarding it to the county for the benefit of the surety company, with ultimate liability therefor in the personal sureties.

5. Where administrative costs are allowable out of a fund in the custody of a court of equity, the fixing and taxing of such costs is left to the discretion of the judge; and his action in such matters will not be disturbed unless it be a manifest abuse of such discretion. *United States Fidelity & Guaranty Co.* v. *Clarke*, 187 *Ga.* 774, 794 (2 S. E. 2d, 608). It does not appear that in taxing administrative costs in the present case the judge has abused his discretion.

6. The decree entered by the judge in accordance with the direction given by this court when the case was formerly here was not erroneous for any reason assigned, except in the matter of interest, as to which we gave no direction and which he refused to allow. For this error the judgment must be *Reversed. All the Justices concur.*

No. 13069. MARCH 12, 1940. REHEARING DENIED MARCH 29, 1940.

*Bussey & Fulcher* and *William K. Miller,* for plaintiff.
*Curry & Curry, Isaac S. Peebles Jr.,* and *Pierce Brothers,* for
defendants.