BROWN, administrator, v. PARKS et al.
PARKS v. BROWN, administrator, et al.

Nos. 13147, 13159.   JULY 9, 1940.

*Brown & Brown* and *J. Wightman Bowden,* for plaintiff in error.
*Powell, Goldstein, Frazer & Murphy* and *James W. Dorsey,* contra.

JENKINS, Justice. ■ On the merits of the original controversy between two alleged wives of the decedent, as to the inheritance, as to the alleged ownership by the plaintiff claimant of real estate and moneys by virtue of an alleged trust, as to the alleged fraud of the defendant alleged wife in procuring the appointment by the ordinary of the defendant administrator and the legality of his possession of the estate, the jury and the trial court found in favor of the plaintiff wife, bringing this suit; and this court has affirmed its judgments as to the essential pleadings and merits of the case. *Brown* v. *Parks,* 173 *Ga.* 238, 169 *Ga.* 712 (supra). The present bill and cross-bill of exceptions involve only questions of accounting between the administrator and the plaintiff under the original final decree; exceptions by both parties to findings by an auditor, all of which were approved by the judge, as to proper disbursements, credits, and debits of the administrator; and the apportionment by the judge of the auditor's fee and stenographic costs equally between the plaintiff and the administrator.

■ Although decrees in equity for the payment of money "become dormant like . . judgments [at law] when not enforced" (Code, § 37-1211) as required by the Code, § 110-1001, relating to enforcement of judgments at law, this rule does not apply to a decree which is not a judgment for a sum of money. See *Butler* v. *James,* 33 *Ga.* 148, 151; *Conway* v. *Caswell,* 121 *Ga.* 254 (2), 258 (48 S. E. 956, 2 Ann. Cas. 269); *Cain* v. *Farmer,* 74 *Ga.* 38. Accordingly, the part of this final decree, rendered in 1930, which required that the defendant administrator "come to an accounting" with the plaintiff wife of the decedent as to receipts and disbursements of funds coming into the hands of the administrator, and "pay over . . such sums as may, *upon such accounting,* be

546

found to be due," was not within the dormancy statute; and the plaintiff was not precluded from thus proceeding before the auditor, although neither party began hearings before the auditor until 1939.

■ The mere inactivity of the parties, after the final decree for an accounting, and while the cause remained pending before the auditor, would not constitute such laches by the plaintiff as would debar her from the accounting decreed.

■ The record does not show any such final settlement or accord and satisfaction between the administrator and the plaintiff as would defeat the right of the plaintiff to the accounting.

■ The fraud alleged in the petition did not relate to any act by the defendant administrator, appointed by the ordinary before the filing of the present suit in 1927; and the final decree in 1930, revoking the letters of administration, did not nullify the previous orders which allowed fees to the administrator and to the attorneys for all parties, and costs and expenses. By consent of counsel on both sides, orders authorizing such payments were made from the beginning of the suit until December, 1930, after the final decree. The first order in 1927 authorized the payment of "the necessary *expenses of administration,* such as court costs, . . bond premium," $62.50 on account of fees to the administrator, and other specified sums as fees to counsel for the respective parties, and taxes. It directed, however, that "any other expenditures be made only by order of the court." Other consent orders were subsequently taken. Accordingly, whatever might otherwise have been the legal rights of the respective parties as to any items so allowed by express terms or clear implication, there is no merit in any exception. This ruling excludes from further consideration any items of disbursement except those hereafter stated; eliminating premiums on the bond of the administrator, court costs, fire-insurance premiums, and commission on certain disbursements to the administrator, to the allowance of which the plaintiff excepts.

■ The judge and the auditor properly refused to allow interest in favor of the plaintiff against the administrator, except from the date of the auditor's report, then for the first time fixing any liquidated amount due to the plaintiff. This is true since the petition failed to claim any specific amount of principal, or to pray for interest or for an accounting; and since the final decree in 1930 did not fix any amount of liability, but provided merely for

an accounting. Furthermore, it appears that the interest. which the administrator received from the bank where the money · was deposited in the savings account was duly accounted for, and. the auditor charged such amounts as well as the principal against the administrator. As to any additional amounts, if there had been appropriate pleading, the auditor found that there was not sufficient proof adduced to sustain this claim of interest; and there are not sufficient data as to dates, debits, and credits, so as to show the amounts of any such additional interest, and enable a determination of what, if anything, might be thus due. See Code, § 57-110; *Lincoln Lumber Co.* v. *Keeter,* 167 *Ga.* 231 (3), 236 (145 S. E. 68); *Roberts* v. *Prior,* 20 *Ga.* 561; *Firemen's Insurance Co.* v. *Oliver,* 182 *Ga.* 212 (184 S. E. 858).

█ "It is incumbent upon a party excepting to the report of an auditor in an equity case, when the exception thereto involves a consideration of the evidence on which the auditor based his findings, to set forth, in connection with each exception of law or of fact, the evidence necessary to be considered in passing thereon, or to attach thereto as an exhibit so much of the evidence as· is pertinent, or at least to point out to the court where such evidence is to be found in the brief of the evidence prepared and filed by the auditor." *Orr* v. *Cooledge,* 125 *Ga.* 496, 499 (54 S. E. 618), and cit. "The report shall be taken as prima facie correct, and· the burden shall be upon the party making the exceptions." Code, § 10-402.

(*a*) The administrator excepted to the disallowance by. the court and the auditor of $100 paid to his attorney in 1930 before the final decree, as expenses in going from Atlanta to Pittsburgh to attend the taking of evidence in behalf of the plaintiff by deposition. The auditor found that "these items were not supported with sufficient evidence . . to authorize them to be a proper and valid charge." No evidence by inclusion or reference appears in the exception to contradict this finding; and nothing is shown as to why it was necessary to expend this considerable amount for what seems to have been merely ·a cross-examination on a deposition.

(*b*) Exception was taken also to the disallowance of items aggregating $226, for traveling and stop-over expenses incurred by the administrator in going from his residence in Henry County to Fulton County, where this suit and the administration proceed-

ing were pending. The auditor found that "the evidence as offered by the administrator . . was vague and indefinite, and not with sufficient clearness to support the claim." No evidence appears to contradict this finding. Furthermore, as the auditor also found, these expenses were not authorized by any order. The original order in 1927, while authorizing "court *costs*," in the "necessary expenses of administration," provided in terms that "any other expenditures . . be made only by order of the court." The incurring of litigation expenses, therefore, without express authority or clear legal right, was at the risk of the administrator. An examination of these items as claimed shows that some of these expenses, covering periods of several days at a time, are stated as having been incurred in "conferring with attorneys in preparation of cases," or merely "in connection with cases," and the purposes of other out-of-town expenses are not stated. Irrespective of whether or not, as the administrator contends, it was his duty to defend the suit against the trust claim of the plaintiff, the necessity for incurring these considerable amounts in so active a defense does not appear.

(*c*) For similar reasons, no error is shown in the reduction by the court and the auditor of the administrator's claim for his attorneys' fees from $500 to the $150, which had already been allowed by the consent of counsel on both sides. No evidence appears as to the value of the services rendered, or to show any abuse of discretion by the judge in limiting the allowance to the amount previously paid by consent. And this is true whether or not it was the legal duty and right of the administrator to incur against the estate such a large amount of fees, without express authority from the court, in order to make the active defense which was continued for a period of years.

(*d*) For like reasons, the disallowance of the administrator's claim of $100 for extra compensation is not shown to be erroneous, under the finding of the auditor that "there was no evidence submitted . . sufficient to support [this] claim."

(*e*) Even though the original order of April 21, 1927, consented to by the signature of all attorneys, provided that "the administrator is authorized to pay the necessary expenses of administration such as court costs," the judge, construing this order on the application of the plaintiff to require the bank and the adminis-

trator to turn over to her the $684.07 balance in the bank to the credit of the administrator, found, in his order of October 23, 1931, that the fund was "not subject to any further expense of administration," "denied the right of charging against the fund any further expense," and ordered that this fund be paid over accordingly. No exception being taken to this order, the administrator was bound thereby as the law of the case, and consequently was not entitled to contest it by afterwards claiming an item of $17.10 as his statutory commission on such disbursement. Therefore the judge and the auditor did not err in disallowing this item.

■ In an equity cause the judge "may determine upon whom the costs shall fall" (Code, § 37-1105); and "it is plainly settled that [he may] in his discretion . . apportion an auditor's fee between the parties, or even award it against the successful party; and this court will not interfere unless discretion has been abused." *Hicks* v. *Atlanta Trust Co.*, 187 *Ga.* 314 (200 S. E. 301), and cit. Accordingly, the judge did not abuse his discretion in dividing the auditor's fee and stenographic costs equally between the parties, since it does not appear that the administrator participated in any alleged fraud by the claimant wife in procuring the letters of administration, such as was charged in *Bowers* v. *Dolen*, 187 *Ga.* 653 (1 S. E. 2d, 734), and since the orders and proceedings for an accounting showed that there were matters of bona fide dispute between the parties, as to a part of which the defendant administrator prevailed.

■ No error appearing on either the mail bill of exceptions of the defendant administrator or the cross-bill of exceptions of the plaintiff, as to the items respectively attacked, the judgment of the trial court is

*Affirmed on both bills of exceptions. All the Justices concur, except Reid, C. J., disqualified.*