EDWARDS *v.* UNITED FOOD BROKERS INC. *et al.*

No. 14544.   JUNE 12, 1943.

244

*Mitchell & Mitchell,* for plaintiff in error.

*Noah J. Stone,* contra.

DUCKWORTH, Justice. ■ With respect to the motion to dismiss the writ of error as prematurely brought, on the ground that the case is still pending in the trial court, for the reason that a motion for new trial filed by G. T. Edwards has not been disposed of, and requesting that a copy of such motion be transmitted to this court, such additional record is unnecessary, inasmuch as on the argument before this court counsel for the plaintiff in error admitted that such a motion for new trial was pending. In the brief of counsel it is stated that the plaintiff in error was not made a party thereto and served, and that as to her the case is not pending. It is true that upon the agreement of the parties in open court, that no successor receiver be appointed in lieu of the original receiver who had been called into the armed forces of the United States Government, and that the receivership be dissolved and the business of the plaintiff in error be surrendered to her in consideration of her executing with the other two defendants the bond which has been hereinbefore set out, the case proceeded solely on the issue whether or not the defendant G. T. Edwards was liable on the promissory note and open account sued on, and Mrs. Edwards is not an indispensable party to that phase of the case, the merits of which are not here involved. While the trial court rendered judgment against her on the bond in consequence of the judgment against G. T. Edwards, the filing of the motion for new trial by him solely with respect to his liability, under the evidence on the issue made by the suit on the promissory note and open account, suspended the question of liability of all obligors under the bond. Manifestly, if a new trial be granted, and on a second trial no judgment be rendered against G. T. Edwards, and that issue is finally determined, neither Mrs. Irene Edwards nor either of the other two obligors under the bond will be bound by its provisions. Accordingly, the contention of Mrs. Edwards that a proper construction of the bond is that it was meant to be enforceable against her only in the event a judgment was obtained against her under the equitable prayers of the petition, and that in any event it is not enforceable against her because to do so would be to make her liable for the debt of her husband, and the contention of United Food Brokers Inc., on the other hand, that the bond is an original undertaking on her part,

the consideration for which is not primarily the debt of her husband, but the releasing of her from a possible verdict, or, as we gather, the consideration for the release of her from the pending litigation under the original equitable features of the case, are at this time only academic questions not necessary to be answered, for the reason that the question of ultimate liability under the bond is now suspended by the existing motion for new trial filed by G. T. Edwards. In respect to the assignment of error on that part of the judgment establishing against Mrs. Irene Edwards a liability under the bond, it must be held that to this extent the writ of error is premature; and such assignment of error is not passed on.

Notwithstanding the fact that there is a motion for new trial pending in the trial court with respect to the action against G. T. Edwards on the promissory note and open account, and that we have ruled that the aforementioned assignment of error is prematurely here, does this court have jurisdiction to pass on the question raised as to the legality of the assessment of the fees of the receiver and his attorney? In *Booth* v. *State of Georgia,* 131 *Ga.* 750, 756 (63 S. E. 505), it was said: "It is difficult sometimes in actions on the equity side of the court, especially in cases of receivership, to determine whether an order is administrative in its character, resting in the sound discretion of the chancellor, or final in its nature. To be final it does not necessarily mean that the judgment disposes of the entire case. A judgment may be rendered separable from a judgment disposing of the entire case, and yet be a judgment that is final as to some of the substantial rights of the parties as contended for in their pleadings. It is final when, as to the subject-matter of the judgment, any of the substantial rights of the parties litigant are finally settled by the judgment." In *Cooper* v. *Reeves,* 161 *Ga.* 232 (131 S. E. 63), it was ruled: "A final decree disposing of all of the substantial equities of the case, such as the conflicting claims to an estate, is not made interlocutory by the mere fact that final settlement with the rightful heirs has not been decreed." See *Miller* v. *Gibbs,* 161 *Ga.* 698 (2) (132 S. E. 626); *Hicks* v. *Atlanta Trust Co.,* 187 *Ga.* 314 (200 S. E. 301); *Mendenhall* v. *Stovall,* 191 *Ga.* 452, 455 (12 S. E. 2d, 589); Trustees *v.* Greenough, 105 U. S. 527 (26 L. ed. 1157); Williams *v.* Morgan, 111 U. S. 684 (4 Sup. Ct. 638, 28 L. ed. 559); Rubert Hermanos Inc. *v.* Puerto Rico, 118 Fed. 2d, 757 (3). While in

*Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (2), 730 (68 S. E. 604, 20 Ann. Cas. 301), it was said that "The general practice under our system of pleading is to enter only one final decree on the merits of an equity cause. The practical advantage of concluding all issues in a single comprehensive decree is the prevention of a review of litigated cases by piecemeal," that rule does not militate against the right of one defendant to appeal in a case against two or more defendants, where separable decrees are rendered in one single order of the court establishing different liabilities against the respective defendants, and one of such separable decrees remains as final and the others do not. In the present case the trial court made a final disposition of the question of assessment of fees for the receiver and his attorney. Whether it was done in a separate judgment or adjudicated with other issues in a single judgment is immaterial on the question of finality. The only question that could arise if G. T. Edwards be granted a new trial would be as to his liability for the amount of the note and open account sued on. Why should the receiver and his attorney, in no way interested in the result of such litigation, be required to wait until the conclusion of it before it is finally established that their compensation is proper, especially in a case like the present, where the approved payments have been made out of income derived from a successful operation by the receiver of the business involved, where his reports have been filed, the interested parties have been furnished copies, have been required to make objections, if any, by a named date, and have made no objections, as is revealed by the recitals in the comprehensive decree of the trial court? Being final as to such fees, that portion of the decree may be appealed from by Mrs. Irene Edwards, though the motion for new trial filed by her husband be pending. This court has jurisdiction of the writ of error in respect to the assignment of error on the allowance of the fees of the receiver and his attorney. The motion to dismiss is overruled; but, as hereinbefore ruled, the assignment of error on that part of the decree establishing liability on the bond is prematurely here and will not be passed upon.

■ The assignments of error as to the excessiveness of the award of fees to the receiver and his attorney, and taxing one half of such amount against the plaintiff in error, may be considered together. The sum of $950 was paid for this service out of income in a suc-

cessful operation of the business of the plaintiff in error, as is shown by the report of the receiver for a period beginning June 15, 1942, and ending December 31, 1942. Upon application of her counsel an additional sum of $200 was paid to him out of such income. It appears that when the receiver took over the business her counsel was representing her in the Federal court in a case in which she had been charged with violating the pure food and drug act of Congress. Her exoneration from guilt occurred during the operation of the business by the receiver. This payment of $200 was not only acquiesced in as proper in amount and act, but was sought by her counsel; and it is only the value of the services of the receiver and his attorney that is brought into question, though without concrete demonstration of unreasonableness. The report of the receiver evidences an efficient administration. The fees were paid with the approval of the court by appropriate orders. Though invited to file objections to the receiver's reports, which are included in the record, Mrs. Edwards made none, and the court's tentative approval became final on February 5, 1943. From the operation of the business the receiver not only paid her $50 per week as salary, but so successfully conducted it as to increase its net worth and show a profit of $2135.09 for the period between June 15, 1942, and December 31, 1942, and upon surrendering the business to her on January 28, 1943, left in it a total profit of $3089.30. It further appears that no disbursements, other than the fees objected to, were made for any expense that would not have been sustained had she been conducting the business herself. "The considerations which should control in fixing the compensation are the value of the property in controversy; the particular benefit derived from the receiver's efforts and attention; time, labor, and skill required, and experience in the proper performance of the duties imposed; their fair value measured by common business standards; and the degree of integrity and dispatch with which the work of the receivership is conducted." 45 Am. Jur. 224, § 288. To the same effect see 53 C. J. 386, § 629. "The power of courts of equity to fix the compensation of their own receivers is well established, and results necessarily from the relation which the receiver sustains to the court, he being its officer or agent, deriving his functions only from that source. In the absence, therefore, of any legislation regulating the receiver's salary or compensation, the matter is left

entirely to the determination of the court from which he derives his appointment." High on Receivers, 915, § 781. Where a business is *conducted* by a receiver "the judge may allow compensation for such services in lieu of commissions as may be reasonable, not exceeding the compensation paid by persons in the usual and regular conduct of such business." Code, § 55-315.

There is in the record much to sustain and nothing to question the propriety of the court in fixing the administration of the business as reasonably worth the compensation awarded. Certainly no abuse of discretion is shown in taxing the plaintiff in error with half of such fees as are complained of. While it is urged in the brief of counsel that the receivership was improvidently granted and no judgment was rendered against the plaintiff in error under the equitable prayers of the petition, this argument loses sight of the fact that by agreement entered into between the parties, and recited in the judgment of the court, the question of the truth of the alleged collusion on her part to defeat recovery by the plaintiff of the claim against her husband was left undetermined and not adjudicated; she making no retraxit, but, in consideration of the bond given by her conditioned to pay the amount of any judgment rendered against her husband, being content to have the receivership dissolved and to proceed only on the issue of the husband's liability under the note and open account. In any event, as was said in *Pearce* v. *Chastain,* 3 *Ga.* 226, 230 (46 Am. D. 423), consistently recognized by this court, "Costs in chancery do not always follow the event of the suit, but are awarded according to the justice of the cause." See *Peninsular Naval Stores Co.* v. *Culbreth,* 162 *Ga.* 474 (134 S. E. 608); *Grizzard* v. *Ford,* 167 *Ga.* 531 (3) (146 S. E. 126). It is axiomatic that the taxing of administrative expense in equitable proceedings is left to the discretion of the trial judge, and that his action in such matters will not be disturbed unless a manifest abuse of such discretion is shown. See *Guernsey* v. *Phinizy,* 113 *Ga.* 898 (3) (39 S. E. 402, 84 Am. St. R. 270); *Biggers* v. *Noland,* 175 *Ga.* 874 (166 S. E. 645); *Brown* v. *Parks,* 190 *Ga.* 540 (8), 549 (9 S. E. 2d, 897); *United States Fidelity &c. Co.* v. *Clarke,* 190 *Ga.* 46 (5) (8 S. E. 2d, 52). *Hamilton* v. *Dupre,* 103 *Ga.* 795 (30 S. E. 248), is an isolated instance where this court held a division of expense an abuse of discretion, but, as pointed out in *Lowe* v. *Byrd,* 148 *Ga.* 388, 393 (96 S. E. 1001),

decided in 1918, the facts in that case were extreme, and it was the only case that had come to the attention of this court where the judgment of the trial court had ever been reversed for an alleged abuse of discretion in determining upon whom the costs should fall. See *Lane* v. *Tarver,* 153 *Ga.* 570, 586 (113 S. E. 452), decided in 1922, and *Biggers* v. *Noland,* supra, decided in 1932, distinguishing the *Hamilton* case, supra, as unusual.

Under the record we find no abuse of the discretion of the court in taxing one half of the $950 fees against the plaintiff in error, and under the well-established rule in such a case the action of the court will not be disturbed.

*Judgment affirmed* as to the award of fees to the receiver and his attorney; but no judgment is rendered on the premature assignment of error here on the trial court's decree against the plaintiff in error on her bond. *All the Justices concur.*