## THORNTON *v.* McLENDON.

1. Where several creditors filed caveats to the setting apart of a homestead, which were overruled, and the case appealed to the superior court, and pending the appeal the applicant for the homestead settled the claim of one of the caveating creditors, but no order striking her name as a party to the case was entered, she was bound by a final judgment for costs rendered in the appeal case in favor of the applicant against her and the other creditors. This is true although such judgment may have been rendered under an "agreement" to which she was not a party, she being still a party to the case, and the judgment not being in any respect different from what it should have been in the absence of any agreement.

2. While it was within the power of the court to retax the costs, it was not bound to do so upon a motion which alleged no valid reason for so doing, and consequently there was no error in dismissing a motion to retax which was founded solely upon such a state of facts as that above indicated.

November 16, 1896. Argued at the last term.

Motion to retax costs. Before Judge Butt. Talbot superior court. September term, 1895.

*H. Persons* and *C. J. Thornton,* for plaintiff in error. *J. H. Martin* and *J. H. Worrill,* contra.

LUMPKIN, Justice.

An application for a homestead and exemption was presented to the ordinary by one McLendon. Mrs. Thornton and others, they being his creditors, filed caveats setting forth their objections to the allowance of this application. The caveats were overruled, and the caveators thereupon entered an appeal to the superior court. Before the case was tried in that court, the applicant for the homestead settled with Mrs. Thornton, so that she really had no further

interest in the case; but no order was taken striking her name as a party thereto, or dismissing the caveat which she had filed. It is therefore quite certain that she remained a party to the appeal case, notwithstanding the fact that her claim had been settled by McLendon.

The case was disposed of in the superior court by a judgment for costs in favor of the applicant, and against all of the objecting creditors, including Mrs. Thornton. This judgment was rendered under an agreement between McLendon and the caveators other than Mrs. Thornton. She was not a party to this agreement, but it does not appear that the judgment was in any respect different from what it ought to have been in the absence of any agreement at all. So far as we can gather from the record before us, McLendon was entitled to the allowance of his homestead; and this being so, the appellants were all liable for costs. If, when Mrs. Thornton had her settlement with McLendon, she had, by a proper order, withdrawn from the case, it may be that she would have been liable only as to such costs as had accrued up to that time; but as she actually remained a party until the final disposition of the appeal, and the judgment thereon was apparently right, irrespective of any question of consent, we are at a loss to discover any reason why she should not be liable for all the costs, along with the other appellants.

After an execution for the costs had been issued against all of them, Mrs. Thornton filed a motion to retax the costs. This motion was based solely upon the facts above recited, its object being to have the execution so modified as to relieve the movant from all liability except as to the fees of two named witnesses. It was, of course, within the power of the trial judge to order a retaxing of the costs; but he certainly was not bound to do so unless for some good and sufficient reason. As none was urged or shown in the present case, we cannot say there was any error in denying the motion.          *Judgment affirmed.*