### DICKENSON & WILLIAMS *v.* MOORE.

CANDLER, J. 1. The evidence objected to, even if not strictly relevant, was not of such importance as that its admission required the grant of a new trial.

2. A sold his interest in the firm of A & B to the firm of B & C, the two firms having a member, B, in common, and it being agreed that the firm of A & B should continue in existence after the sale until its affairs could be wound up. Both before and after the sale of A's interest there were mutual accounts between the two firms. On the trial of an action brought by A against the firm of B & C, for the balance due him on the sale of his interest in the firm of A & B, the auditor to whom the case was referred found that A & B

were indebted to B & C in a named sum, but did not find when this indebtedness arose. *Held*, that it was not error to charge, in effect, that B & C could not set off against their debt to A his proportionate part of the debt of A & B to them unless it appeared that the debt arose after the sale to them of A's interest in the firm of A & B. A member of a partnership who sells his interest in the business of the firm conveys only such interest as he may have in it on a settlement of its affairs. 22 Am. & Eng. Enc. L (2d ed.) 105.

3. While there is a prima facie presumption in favor of the correctness of an auditor's report as to facts, on the trial before the jury of exceptions to such a report it was not error to give a charge which in effect instructed the jury that if there was not sufficient evidence to support a particular finding, their verdict should be in favor of the exception thereto.

4. No exception was taken by the defendants to the finding of the auditor that the plaintiff had paid into the firm of which he was an equal partner a sum of money in excess of that paid by his copartner. His finding that the plaintiff was entitled to only a one-half interest in this excess, instead of the entire amount, was therefore erroneous, and was properly overruled by the court on exceptions duly taken thereto by the plaintiff.

5. The verdict was not contrary to law or the evidence, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. All the Justices concur.*

Argued June 10, — Decided June 29, 1903.

Exceptions to auditor's report. Before Judge Bower. City court of Bainbridge. October 6, 1902.

*Donalson & Fleming*, for plaintiffs in error.
*Albert H. Russell*, contra.