17102.  MAYOR AND COUNCIL OF WASHINGTON *v.* WILKES COUNTY.

BLOODWORTH, J.   Back of this suit stands a valid and legal contract, upon which it is based.   *Mayor &c. of Washington* v. *Faver*, 155 *Ga.* 680 (117 S. E. 653) ; *Faver* v. *Mayor &c. of Washington,* 159 *Ga.* 568 (126 S. E. 464).   The allegations of the petition as amended show a cause of action which is not barred by the statute of limitations, and the court did not err in overruling the general and special demurrers to the petition.        *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 5, 1926.   REHEARING DENIED NOVEMBER 9, 1926.

Complaint; from Wilkes superior court—Judge Perryman. December 2, 1925.

Application for certiorari was denied by the Supreme Court.

The petition of Wilkes county against the mayor and council of the City of Washington was filed April 10, 1925. It alleges in substance that under the laws and regulations creating the Highway Department of Georgia and under the act of Congress approved July 11, 1916, and the rules and regulations of the secretary of agriculture, the several counties of this State became entitled to Federal aid in constructing a system of highways in the

---

Appeal and Error, 4 C. J. p. 937, n. 6.
Contracts, 13 C. J. p. 715, n. 90.

State, the plan of assistance being that the Federal government would appropriate one half the cost of constructing such highways as might be approved by its engineer or the engineers of the State Highway Department; that Wilkes county placed itself in position to procure Federal appropriations for use on roads in the county, and that on or about March 10, 1919, the defendants endeavored to procure assistance in completing the pavement on certain streets within the limits of the municipality, but the authorities of the State Highway Department and the bureau of Federal aid refused such assistance unless the municipality would empower Wilkes county to negotiate for such Federal aid and a contract for the laying of the pavement would be made by and through Wilkes county on behalf of the municipality; that thereupon the municipality passed a resolution (attached to the petition) authorizing and empowering Wilkes county to act as agent of the municipality in contracting with the State Highway Department for the pavement, and agreed "to appropriate a sum up to $25,000 for said purpose, the same to be paid out of the assessments of the adjacent property owners along the streets paved, and the balance of said sum to be paid out of the general tax funds to be raised during the year 1919;" that the effect of obtaining such Federal aid was to reduce the cost of said paving to the property owners of the municipality, in that theretofore each adjoining owner had been required to pay one fourth of the cost of the paving adjoining his property, the property owner on the opposite side of the street one fourth, according to frontage, and the remaining half of the cost had been borne by the municipality as a whole, whereas by the obtaining of Federal aid through Wilkes county, the burden of paying a half of the paving cost was lifted from the municipality and transferred to the fund derived from Federal aid; that the municipality possessed the legal right to provide for paying for the pavement, "having at the time the contract was entered into for the paving of same funds in the treasury with which to meet said costs, and having provided for whatever amount was lacking by an assessment to be levied on the adjacent property owners, with which said funds a sufficient amount was or could be made available for the payments required to match the assistance granted from Federal aid;" that having been empowered by the municipality to enter into a contract for said paving, Wilkes

county entered into a contract for the same (a copy of which, dated September 11, 1920, and the parties to which are Wilkes county and the Smith Construction Company, is attached to the petition), the sole inducement being the resolution and the contract between Wilkes county and the municipality providing for the laying of the pavement and the obtaining of assistance from the Federal aid fund; that the county, having entered into said contract for the municipality, proceeded to carry out the contract, and met the cost of said paving to the extent of one half of the cost, the other half being paid to the county by the bureau of Federal aid through the State Highway Department; that the defendants, after receiving from the county the benefit of Federal aid, neglected and refused to carry out their contract with the county and to furnish one half of the cost of said paving, and the same was paid by the county to the contractors laying the same, although the contract was made solely for the defendants and for their benefit; that subject to certain credits placed upon the contract since the completion of the paving, the amount paid by Wilkes county for and in behalf of the defendants and which is legally due by the defendants is $17,001.39, with interest, as shown by an itemized statement attached to the petition.

It is further alleged, that the defendants, having provided for the cost of the paving by a fund in the treasury and by the assessment of a tax against the adjacent property owners, and having allowed the pavement to be laid and accepted the benefits therefrom, are liable in equity and good conscience to Wilkes county in the sums due for the paving, the contract having been fully completed and carried out; that as a recognition of said indebtedness to petitioner the defendants, on October 12, 1920, executed a written instrument as follows: "$10,000.00. October 12th, 1920. March 1st, 1921, after date pay to the order of Board of Commissioners of Wilkes county ten thousand dollars, value received, and charge to account of mayor and council of Washington, Georgia. S. R. Brooks, Clerk C. C. Accepted, K. A. Wilheit, Mayor;" that the said acceptance was intended as a credit on the said indebtedness, but that the same was never paid; that it was executed as a part of the contract relating to the said pavement, and was intended, if paid, to go as a partial credit thereon; that by resolution of October 14, 1919, the defendants recognized and provided for the

payment of the indebtedness to be incurred by Wilkes county in its behalf by a resolution (a copy of which is attached to the petition), but no sums have been paid to petitioner under that resolution, and the defendants have refused and neglected to enforce the same, though many of the property owners against whom assessments have been made are ready and willing to pay all sums due thereunder; that defendants have refused to accept said sums and have actually returned to the property owners payments made, and have refused to pay any sum to petitioner other than as alleged; and that, Wilkes county having fully carried out its contract made for and in behalf of defendants, and having paid the cost of the improvements of which defendants have received the benefit, and the sums so paid being solely for the use and benefit of defendants, they are liable to petitioners for the amount stated, less any payments thereon. The substance of the first-mentioned resolution and of the contract of September 11, 1919, between the county and the Smith Construction Company, is set out in the statement of facts in the case of *Mayor &c. of Washington* v. *Faver*, 155 *Ga.* 680.

The petition as originally filed and as amended was demurred to generally and specially, and in this court the following grounds of demurrer were relied on in the brief of counsel for the plaintiff in error: (1) No cause of action is set forth. (2) It appears from the petition that the alleged contract between the city and the county is not valid or enforceable. (3) If the plaintiff has a cause of action, it is not the form of action alleged. (4) It appears from the petition that if the city is indebted to the plaintiff by reason of the facts set out, the city is restricted to a particular method of raising funds to pay the indebtedness, to wit: payment of the city's proportionate part of the cost of the paving can be made from funds raised by levying assessments against the abutting property, and from such funds and in such manner only, and the petition does not show that this fund has been raised by the city and is in the treasury of the city subject to its alleged obligation to the county. (5) It appears from the petition that the alleged cause of action is barred by the statute of limitations. (6) The alleged contract on which the suit is based is not set forth, and the allegations as to the contract are but conclusions unsupported by pleaded facts. (7) The petition is duplic-

itous, in that it undertakes to declare upon two separate and distinct causes of action, the one on an alleged contract, and the other in assumpsit for money had and received.

By amendment it was alleged, that, the defendants having constituted Wilkes county their agents to let the contract for the paving aforesaid, the county entered into the said contract with the Smith Construction Company; that the said contract embraced, among others, projects 61-A and 62, and that work on these two projects began about December 1, 1919, and the final estimate was made about September 30, 1920, though they were not then accepted; that the pavement known as project 61-A was not satisfactory as first laid, and the assessments levied against the same were enjoined by the property owners in a proceeding in Wilkes superior court entitled Booker et al. vs. Mayor and Council of Washington, and on July 5, 1920, a consent decree was rendered, dismissing the petition for injunction. From the decree it appears that the assessments in question had been revoked and cancelled, and that it was agreed that they had been prematurely made, and that compliance with the conditions of the contracts and specifications for the pavement could not be determined before February 15, 1921, and that no new assessments should be levied on account of such paving before February 15, 1921. It was alleged that the defendants "thus expressly recognized the fact that said demand of Wilkes county would not be presented and was not due until after such date as stated in this decree as made with other parties," and that no demand was made by plaintiff on defendants until long after that date; that the plaintiff as agent of the defendants did not finally settle with the contractors until July 19, 1921; that there was then due the contractors $15,904.77, but the plaintiff had no funds to pay the same, and delivered the trade acceptance for $10,000, before mentioned, as a payment on the contract, this acceptance being made to fall due after the time within which the pavement was to be tested; that the plaintiff on January 28, 1921, paid to the contractor $13,500 and the balance due was not finally adjusted with the contractor until July 19, 1921; that the defendants failed to pay the said trade acceptance, which became due March 1, 1921, and written demand for payment of the entire sum due, to wit $15,904.77, was made on the defendants on September 6, 1921, and, payment being refused, suit was thereupon

begun in favor of Wilkes county against the defendants; that in the meantime a second petition for injunction was filed by the property owners against the mayor and council of Washington, which suit was pending at the February term, 1922, under the name of Faver et al. *v.* Mayor and Council of Washington, and which was twice before the Supreme Court, and by written agreement of counsel the suit of Wilkes county was continued pending a determination of these cases by the Supreme Court, and that after their determination the plaintiff on March 13, 1925, dismissed the suit voluntarily; that while the plaintiff does not plead that suit as tolling the statute of limitations (admitting that it was defective), it is referred to as showing diligence and as explanatory of the delay in bringing the action to trial; that the present action was filed April 10, 1925, less than four years from the time said demand was presented and payment demanded of defendants and within less than four years of the accrual of said cause of action. It was further alleged that, there being an indebtedness existing between plaintiff and defendants by reason of the said amounts due for the paving, the defendants extended credit to plaintiff by charging plaintiff with the lights and water used by Wilkes county for its public buildings, beginning December 20, 1920, and extending to "the present time," as shown by an itemized statement exhibited; that the sole consideration of said credit was the demand already existing against the defendants, and that the indebtedness due the plaintiff and the credit extended by the defendants by reason of said indebtedness constituted mutual accounts between the parties, and for this reason the bar of the statute of limitations has not attached and does not run against the indebtedness due the plaintiff. It was further alleged that, the plaintiff being agent of the defendants and having entered into a written contract in their behalf, became, upon its payment of the same, subrogated to all the rights of the party with whom the contract was made, and that, the payments having been made because of the default of the principals, the defendants can not take advantage of their own default as against their agent, and that the statute of limitations does not run against said debt.

The demurrer was overruled except as to certain special grounds which the plaintiff was allowed to meet by amendment; and the defendants excepted.

*B. W. Fortson,* for plaintiffs in error. *C. E. Sutton,* contra.