WILKES COUNTY *v.* MAYOR AND COUNCIL OF WASHINGTON; *et vice versa.*

182

Nos. 6317, 6327.   September 26, 1928.

*C. E. Sutton,* for plaintiff. *B. W. Fortson,* for defendant.

RUSSELL, C. J. ■ Where a plaintiff brings an action at common law, and the defendant in his answer asks affirmative equitable relief, the cause is pro tanto at least transformed into an equitable proceeding; and if the court in which the cause is pending has equitable jurisdiction, the Supreme Court and not the Court of Appeals would have jurisdiction of a bill of exceptions sued out to review the trial in the lower court.

■ In prior adjudications it has been held by this court that the facts pleaded by the plaintiff, construed as against demurrer, show that the contract involved in this case between the city and the county for paving certain streets in the city is legal and valid, that the assessments of property made by the city to pay for such paving were legal, and that the liability accruing to the city under the above-mentioned contract does not amount to the creation of a debt prohibited by the constitution of Georgia, art. 7, sec. 7, par. 1 (Code of 1910, § 6563). *Mayor &c. of Washington* v.

*Faver*, 155 *Ga.* 680 (117 S. E. 653) ; *Faver* v. *Mayor &c. of Washington*, 159 *Ga.* 568 (126 S. E. 464). It has been held in this case by the Court of Appeals that the facts pleaded by the county show that it was not restricted to a recovery of its demand solely from the proceeds of the assessments against owners of property abutting on the streets paved; and further, that, under the allegations of the petition, the demand of the county was not barred by the statute of limitations. *Mayor &c. of Washington* v. *Wilkes County*, 36 *Ga. App.* 2 (135 S. E. 448). The above rulings were made only upon consideration of the merits of demurrers filed, and not upon the facts of the case as disclosed by proof.

■ In the petition it was alleged that at the time the obligation for paving was incurred the city possessed the legal right to provide for paving the streets in question, "having, at the time the contract was entered into for the paving of same, funds in the treasury with which to meet said costs, and having provided for whatever amount was lacking by an assessment to be levied on the adjacent property owners, with which said funds a sufficient amount was or could be made available for the payments required to match the assistance granted by Federal aid." However, under the agreed statement of facts upon which the case was submitted to the trial judge for decision without the intervention of a jury, it was admitted that "At the time the Mayor and Council of Washington, Georgia, passed the resolutions of March 14, 1919, and October 14, 1919 (providing for the paving), there were no funds in the treasury of said city applicable to the obligation to be incurred for the paving, and none could have been raised by general taxation for that year." Therefore it will be seen that the plaintiff did not prove its case as laid in this particular, and it becomes necessary to consider the case in the light of the proof adduced.

■ In *Mayor &c. of Washington* v. *Faver*, 155 *Ga.* 680, 688 (supra), it was held: "An obligation for paving streets, payable when the work is done, is a current expense, and a liability therefor is not the creation of a debt within the meaning of the above provision of the constitution; provided, at the time of incurring such liability, the city had in its treasury a sufficient sum which could be lawfully applied to the payment of such liability, or if a sufficient sum to discharge the liability could be raised by taxation during the current year. *City of Dawson* v. *Waterworks Co.*, 106

*Ga.* 696 (32 S. E. 907); *Tate* v. *Elberton,* 136 *Ga.* 301 (71 S. E. 420); *City of Waycross* v. *Tomberlin,* [146 *Ga.* 504]. The same principle is likewise applicable when the money to pay such liability has been provided for by the lawful assessment of property by the city to pay the cost of paving streets before the liability was incurred. *Almand* v. *Pate* [143 *Ga.* 711], *Monk* v. *Moultrie,* [145 *Ga.* 843], *Waycross* v. *Tomberlin,* supra." In *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114, 118 (99 S. E. 374), it was held: "Before a liability for a legitimate current expense can be incurred by a municipality without creating a debt within the meaning of art. 7, sec. 7, par. 1, of the constitution of this State (Civil Code, § 6563), there must, at the time of incurring the liability, be a sufficient sum in the treasury which can be lawfully used to pay the liability incurred, or there must be authority and ability to raise a sufficient sum to discharge the liability by taxation during the current year; or, where the legitimate current expense is for paving a street upon the basis of assessment of abutting property, the money to satisfy the liability must be provided for by the lawful assessment of property by the municipality to pay the cost of paving." Citing *Waycross* v. *Tomberlin,* supra. In the present case it is agreed that "The Mayor and Council of Washington, Georgia, have issued a sufficient amount of paving assessments against the property owners to pay the sums expended by Wilkes County for the cost of the paving, and also for all sums expended by the city on the same."

■ As a liability for a legitimate current expense incurred by a municipality for paving a street upon the basis of the lawful assessment of abutting property to pay the cost of the paving stands upon the same footing as to legality as a liability incurred for a current expense when there is at the time of incurring such liability a sufficient sum in the treasury of the municipality which can be lawfully used to pay the liability, or when there is authority and ability to raise a sufficient sum to discharge the liability by taxation during the current year (*Waycross* v. *Tomberlin, Gulf Paving Co.* v. *Atlanta, Mayor &c. of Washington* v. *Faver,* supra), it follows that such an obligation for paving as first above mentioned, therefore legal in its inception, is a general liability of the city, and that he to whom the obligation is due is not restricted in his collection thereof solely to the funds derived from

the collection of the assessments issued to cover the cost of such paving, any more than one whose obligation was legally incurred while there was a sufficient sum in the treasury of the municipality which could be lawfully used to discharge such liability could be defeated in the collection of his demand in the event the municipal authorities diverted the fund on hand to other purposes, so that at the time the claim matured there was not a sufficient sum on hand to discharge such liability. *McCord* v. *Jackson*, 135 *Ga.* 176 (5) (69 S. E. 23); *Wilson* v. *Gaston*, 141 *Ga.* 770 (1 *a*) (82 S. E. 136).

■ The facts pleaded by the plaintiff to relieve its demand from the bar of the statute of limitations (which facts, upon demurrer, had been held sufficient to show that the demand was not barred) were established by the agreed statement of facts upon which the case was tried; and the judge did not err in holding that the demand of the county was not barred by the statute of limitations.

■ Applying the foregoing rulings, the county was entitled to a general judgment against the city, and the trial judge erred in adjudging that the judgment rendered in favor of the county should be collected only out of the funds derived from the assessments.

■ It follows from the foregoing rulings that the court erred in overruling the demurrers filed by the plaintiff to specified paragraphs of the answer of the defendant, which averred that the plaintiff was restricted in the collection of its demand solely to the funds derived from the collection of the assessments against property abutting on the streets paved.

■ The order of the court, in ruling upon the plea in abatement filed by the plaintiff, that "A demurrer by the plaintiff to defendant's amendment to its answer, covering the same matters raised by the within plea in abatement, having this day been sustained by the court and said amendment dismissed, it is unnecessary for the court to pass on the within plea," was not erroneous.

■ In the bill of exceptions filed by the city error is assigned upon the order of the court sustaining demurrers to the amended answer of the defendant, in which it was prayed that the court, as a court of equity, take jurisdiction of the case, and, in the event the plaintiff recovered, that the judgment be so molded as to require the plaintiff to refund to it the funds heretofore or here-

after paid by the defendant, when and in the event the plaintiff was reimbursed and repaid for said paving under certain certificates issued to the plaintiff by the State Highway Department. In the event the county ever receives payment upon said certificates, the city would be entitled to be reimbursed by the county for the amount it had paid on the paving; and the court erred in sustaining the demurrer to this part of the answer. The remaining exception in the bill of exceptions filed by the city is controlled adversely to its contention by the rulings announced in the preceding paragraphs.

The rulings in the seventh paragraph, that the trial judge erred in adjudging that the judgment rendered in favor of the county should be collected only out of the funds derived from the assessments, and in the tenth paragraph, that the court erred in sustaining the demurrer to the answer of the defendant asking that the municipality be reimbursed should the certificates given by the State Highway Department be paid, do not necessarily require a reversal of these judgments; and another trial of the case may be obviated by the exercise by this court of its power to give a final direction in the premises, as provided in section 6103 (2) of the Code of 1910. It is therefore ordered that the trial court amend its decree, conformably to the foregoing rulings, so as to adjudge that the county is entitled to a general judgment against the Mayor and Council of Washington, and that upon the collection of the certificates issued to the County of Wilkes said county shall reimburse the Mayor and Council of Washington such sums as have been advanced by it in paving the streets set forth in the petition, and paid in discharging the judgment. It is further ordered that the costs upon each bill of exceptions be paid by the defendant, since in each case the plaintiff has obtained a substantial modification beneficial to it.

*Judgments on both bills of exceptions affirmed, with direction. All the Justices concur, except*

HILL and GILBERT, JJ., dissenting in part and concurring in part. We dissent from the ruling in the fifth paragraph of the opinion, on the ground that under the contract between Wilkes County and the Mayor and Council of Washington it was expressly agreed that the county would receive stated reimbursements from the assessments against owners of abutting property. This con-

tract is the only basis upon which the county makes any contention for reimbursement. We concur specially in all of the other rulings made by the majority. In the main the latter rulings are in accord with the law of the case as fixed by prior rulings. We adhere to the views expressed by us in our dissent to the case of *Faver* v. *Washington,* 159 *Ga.* at p. 577.