COPPEDGE *et al. v.* ALLEN.

No. 10280. December 12, 1934.

*Drennan & Giles,* for plaintiffs in error. *J. Mallory Hunt,* contra.

Hutcheson, J. Allen filed a petition against W. H. Coppedge and T. L. Coppedge, praying for appointment of receivers to take charge of property of defendants. Demurrers and answers were filed by defendants. Temporary receivers and attorneys for such receivers were appointed, and upon regular hearing this temporary order was made permanent. Later the plaintiff filed a petition alleging that the receivers were being interfered with by defendants, and asking that they be relieved and the property be delivered into possession of the plaintiff. The receivers filed their report, and asked for compensation for services of themselves and their attorneys. The court then passed an order dissolving the receivership, and allowing certain named amounts as compensation to the receivers and to their attorneys. These amounts were assessed equally against plaintiff and defendants, "reserving the right at the final decree to make other and different assessments of such costs and expenses of administration" as the court may determine. To the order dividing the costs defendants excepted.

In an equitable proceeding it is the province of the judge to determine upon whom the costs shall fall. *Guernsey* v. *Phinizy,* 113 *Ga.* 898 (3) (39 S. E. 402, 84 Am. St. R. 270) ; *Moore* v. *Dickenson,* 117 *Ga.* 887 (45 S. E. 241) ; *Lowe* v. *Byrd,* 148 *Ga.* 388 (5) (96 S. E. 1001). And this determination will not be reversed unless the discretion of the judge is abused. *Fitzpatrick* v. *McGregor,* 133 *Ga.* 332 (4) (65 S. E. 859, 25 L. R. A. (N. S.) 50). The record does not show that the judge abused his discretion in awarding the costs.

*Judgment affirmed. All the Justices concur.*