314

No. 12523. NOVEMBER 19, 1938. REHEARING DENIED DECEMBER 3, 14, 1938.

*E. L. Douglas,* for plaintiffs.

*Alston, Foster, Moise & Sibley* and *Henry J. Miller,* for defendant.

JENKINS, Justice. ■ The superior court has the power and jurisdiction to hear a motion to set aside a judgment for costs, entered at a previous term, and to have the costs retaxed, if the judgment was illegal. *McGuire* v. *Johnson,* 25 *Ga.* 604; *Markham* v. *Ross,* 73 *Ga.* 105; *Thornton* v. *McLendon,* 99 *Ga.* 590 (2), 591 (27 S. E. 186). If, on the hearing of such a motion to retax the costs, any costs for which the movant is not liable should be taxed against him, a writ of error will lie to reach and correct that judgment. *McDonald* v. *Dabney,* 161 *Ga.* 711 (13), 716 (132 S. E. 547); *Faison* v. *Lanier,* 164 *Ga.* 742 (4) (139 S. E. 540). Accordingly, this writ of error, brought by the plaintiffs from a judgment denying their motion to retax costs after a judgment apportioning an auditor's fee partly against them, was not subject to dismissal on the ground that the writ of error was premature because there had never been a final judgment on the merits of the main case; or on the ground that there had been no exception at the term when the original judgment of apportionment was entered. Nor was the writ of error subject to dismissal, on the ground that the auditor was not made a party thereto, since he was not a party in the trial court, and the rule that all persons interested in sustaining a judgment must be made parties to the bill of exceptions does not apply to a person not a party. *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629).

■ The fee of an auditor is in the nature of costs. *Fitzpatrick* v. *McGregor,* 133 *Ga.* 332 (4), 344 (65 S. E. 859, 25 L. R. A. (N. S.) 50). In all civil actions at law it is the statutory rule that, "except as otherwise provided, the party who shall discontinue, fail, or be cast in such suit shall be liable for the costs thereof." Code, § 24-3401. Whether or not the codified acts of 1894 and

1895 (Ga. L. 1894, pp. 123, 126; 1895, p. 48; Code, §§ 10-101, 10-102, 10-501), relating to auditors and their fees, had the effect of modifying the general statutory rule as to the taxing of costs in law cases, so as to permit a discretionary apportionment of an auditor's fee in such a case (see *Moore* v. *Dickenson,* 117 *Ga.* 887, 45 S. E. 241, which the record shows was a law case; *Lowe* v. *Byrd,* 148 *Ga.* 388 (5), 392, 96 S. E. 1001; *Fitzpatrick* v. *McGregor,* supra; *Lavender* v. *Shackelford,* 152 *Ga.* 363, 365, 110 S. E. 1; *Lane* v. *Tarver,* 153 *Ga.* 570 (2), 113 S. E. 452; *Coppedge* v. *Allen,* 179 *Ga.* 870, 177 S. E. 704; *Nowell* v. *Monroe,* 47 *Ga. App.* 665 (3), 171 S. E. 143), it is unnecessary here to determine, since, under the rulings in succeeding divisions hereof, this was an equity case; and since in equity cases, under the statutory rule that "it is the province of the judge . . to determine upon whom the costs shall fall" (Code, § 37-1105), it is plainly settled that the judge in his discretion may apportion an auditor's fee between the parties, or even award it against the successful party; and this court will not interfere unless discretion has been abused. *Peninsular Naval Stores Co.* v. *Culbreth,* 162 *Ga.* 474, 480 (134 S. E. 608), and cit.; *Logan* v. *Mobley,* 170 *Ga.* 615, 618 (153 S. E. 763); *Grizzard* v. *Ford,* 167 *Ga.* 531 (146 S. E. 126).

■ The allegations- of fact and the prayers of the pleadings primarily determine whether a suit is one at law or in equity. This is true not only as to the petition, but also as to a plea, save where an equitable plea is purely defensive in nature and seeks no affirmative relief. *O'Callaghan* v. *Bank of Eastman,* 180 *Ga.* 812, 817 (180 S. E. 847); *Wilkes County* v. *Washington,* 167 *Ga.* 181, 194 (145 S. E. 47); *Reynolds* v. *Ingraham,* 179 *Ga.* 398 (4), 400 (175 S. E. 918); *Porter* v. *Davey Tree-Expert Co.,* 34 *Ga. App.* 355, 357 (129 S. E. 557); Code, §§ 37-901-37-903, inclusive, 37-905-37-907, inclusive. While this writ of error involves only one phase of the main proceeding, to wit, the taxing of the auditor's fee, the character of the proceeding, whether legal or equitable, must be determined by reference to the nature of the case to which it belongs and of which it is the offspring. Irrespective of whether or not the equitable relief as sought by the parties in this case might be ultimately grantable, since the prayers of the petition not only sought in effect an accounting and settlement with the defendant executor, but also prayed that it be required to give bond or be

removed as executor, and since the latter relief would in no event be grantable by the superior court except in an equity case, it follows that the prayers of the petition must in this respect at least necessarily be construed as equitable. *Calbeck* v. *Herrington,* 169 *Ga.* 869, 874 (5-*b*) (152 S. E. 53); *Powell* v. *Smith,* 178 *Ga.* 737, 741 (174 S. E. 341); *Johns* v. *Johns,* 23 *Ga.* 31. It further appears that the defendant by amendment to an answer, designated as a "cross-action in the nature of a bill of interpleader," prayed that necessary persons at interest be made parties, so that the court might "determine the rights of all parties, and have a final accounting made by the [defendant] executor," and prayed for general relief; that while this answer was filed in a companion case filed by other plaintiffs against the same defendant in the same court, the answer filed in this case referred to the matter therein; that the two cases, and two others involving the same defendant and its administration of the estate, were referred together to the auditor; that the auditor, in a single report as to all of these cases, made findings and recommendations "that this court should accept the tender of this defendant executor of the assets of the estate, . . with the exception [stated], . . and should accept a final accounting by said defendant executor;" that "all the parties interested in the will . . are parties to this cause; and that a decree should be entered, decreeing title to the property foreclosed on by" the plaintiffs in one of the cases; that the court "adjudicate the defendant's liability both to the heirs and to the creditors;" that, upon payment into the registry of the court of the amounts stated, "said executor be discharged as such;" that the moneys be disbursed to the various parties at interest, as stated; and that the costs and auditor's fee in all of the cases be apportioned as provided. No exceptions by the present plaintiffs to any consolidation of the cases and to the findings stated appear in this record. No judgment or decree on the merits appears. The relief prayed as stated and found and recommended by the auditor, if properly grantable, could not be granted by the superior court at law. Accordingly, the merits of the alleged equitable matters not now being before the court for determination, and only upon the record as it stands, it must be held that the case in which this writ of error was brought is one in equity; and jurisdiction by this court being accepted, the judgment apportioning the auditor's fee, show-

ing no abuse of the discretion permitted in equity cases, must be affirmed.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*